(March 23, 1912.)

## J. B. LEWIS and MRS. SUSIE LEWIS, Husband and Wife, Respondents, v. HARVEY W. SUTTON and MARGARET M. SUTTON, Husband and Wife, Appellants.

[122 Pac. 911.]

FORECLOSURE PROCEEDINGS—ATTORNEYS' FEES.

(Syllabus by the court.)

1. Where two promissory notes are given, each of which provides: "In case suit is instituted to collect this note, or any portion thereof, we promise to pay, besides costs and disbursements allowed by law, such additional sum as the court may adjudge reasonable as attorneys' fees in said suit or action," and a mortgage is also given to secure such notes which contains the following provision: "And out of the money arising from such sale, to retain the principal and interest which shall then be due on the said promissory notes, together with the costs and charges of the foreclosure suit, including $50.00 counsel fees," the attorneys' fees to be allowed in a foreclosure of said mortgage are fixed by the mortgage at $50.00.

2. The action to foreclose a mortgage given to secure several notes is a separate and distinct action and but one fee can be allowed in such action, and such fee is the fee stipulated by the mortgage to be reasonable; the court has no authority or power to allow a larger sum than that fixed by the mortgage, where the defendant in such suit makes objection to such allowance.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. John F. MacLane, Judge.

An action to foreclose a mortgage. Judgment for plaintiff. Defendant appeals. *Reversed.*

B. P. Bradford, for Appellants.

No attorneys' fees can be allowed unless the note or mortgage provides for the allowance of the same, and where the contract expressed in the instrument provides for a specific amount, an amount greater than that specified cannot be allowed, although the same may be inadequate for the services performed. (*Palmeter v. Carey,* 63 Wis. 426, 21 N. W.

793, 23 N. W. 586; *Gunzenhauser v. Henke,* 97 Ill. App. 485; *Henke v. Gunzenhauser,* 195 Ill. 130, 62 N. E. 896; *Monroe v. Fohl,* 72 Cal. 568, 14 Pac. 514; *Hewett v. Dean* (Cal.), 25 Pac. 753; *White v. Allatt,* 87 Cal. 245, 25 Pac. 420; *Carriere v. Minturn,* 5 Cal. 435.)

C. H. Edwards, for Respondents.

It is necessary to allege what is a reasonable attorney fee, and that plaintiffs have agreed to pay it, all of which was done in this case; then the court has the power to allow it, and it is its duty to allow the same, where such allegations are sustained by proof, and the mortgage or any stipulation therein contained is not evidence to sustain such allegations. (*Porter v. Title Guaranty & Trust Co.,* 17 Ida. 364, 106 Pac. 299, 27 L. R. A., N. S., 111; *Broadbent v. Brumback,* 2 Ida. 366 (336), 16 Pac. 555; *Warren v. Stoddart,* 6 Ida. 692, 59 Pac. 540; *Jones v. Stoddart,* 8 Ida. 210, 67 Pac. 650.)

The intent of the parties was to secure the plaintiffs in this case and guarantee to them all reasonable expense in foreclosure, if such had to be done, and since there is no statute covering the fees in this case it should be left entirely to the discretion of the trial court as to what the evidence shows is reasonable. (*Peyser v. Cole,* 11 Or. 39, 50 Am. Rep. 451, 4 Pac. 520; *Jaquith v. Hudson,* 5 Mich. 123; *Balfour v. Davis,* 14 Or. 47, 12 Pac. 92.)

STEWART, C. J.—This is an action to foreclose a real estate mortgage given to secure the payment of two promissory notes, both dated March 21, 1910, one for $1,000 due in twelve months, and the other for $3,000 due in two years after date. Service of summons was duly made and a default judgment was entered against the appellants for the amount due upon the notes and for $250 attorneys' fees and the foreclosure of said mortgage. The appellants appeal from this judgment.

The only question presented upon this appeal is the amount of attorneys' fees allowed in the judgment. Each of the promissory notes for which the mortgage was given as security contains the following provision: "In case suit is instituted

to collect this note, or any portion thereof, we promise to pay, besides costs and disbursements allowed by law, such additional sum as the court may adjudge reasonable as attorneys' fees in said suit or action."

The mortgage securing such notes contains the following provision: "And out of the money arising from such sale, to retain the principal and interest which shall then be due on the said promissory notes, together with the costs and charges of foreclosure suit, including $50.00 counsel fees."

It will thus be seen that while the notes secured by the mortgage provided that in case of suit reasonable attorneys' fees may be collected, the mortgage provides that in case of foreclosure the counsel fees to be collected shall be $50. The trial court allowed counsel fees in the sum of $250. The evidence in this case is not brought to this court, and we are not advised as to what the evidence was upon which the trial court based the judgment, and in the absence of this evidence this court will presume that proper proof was made under the rule announced by this court in the case of *Porter v. Title Guaranty etc. Co.,* 17 Ida. 364, 106 Pac. 299, 27 L. R. A., N. S., 111. In that case this court said:

"And it has also been held that to entitle a plaintiff in a foreclosure proceeding to recover attorney's fees, where the same have been stipulated for in the mortgage, the plaintiff must tender evidence upon two propositions: First, that the plaintiff has agreed to pay his counsel a fixed or a reasonable sum for his services; second, the reasonableness of the fee. . . . . In allowing attorney's fees upon the foreclosure of a mortgage, where the mortgage contains a stipulation that attorney's fees may be allowed on foreclosure of such mortgage, the plaintiff must also prove that he has agreed to pay his counsel a stipulated or a reasonable fee for his services, and the reasonableness of the fee agreed upon or what is a reasonable fee in such an action."

In that case the mortgage provided for an attorney's fee of $2,000, and the court held that notwithstanding a stipulated attorney's fee is provided in the mortgage, still it was incumbent upon the plaintiff to prove that he had agreed to

pay such sum to his attorney, and that such sum was a reasonable fee, and if the stipulation in the mortgage was that a reasonable fee should be allowed, then the proof should show what was a reasonable fee. In the present case the fee stipulated in the mortgage is fixed and the court allowed an amount in excess of that stipulated fee, and in the absence of the evidence this court will presume that the evidence showed the stipulated fee was less than a reasonable fee. The trial court, therefore, must have determined the amount to be allowed, upon the proof, rather than upon the stipulation in the mortgage.

The only section of the statute found in the laws of the state of Idaho bearing upon the question of an attorney's fee, except in exceptional cases, is that of sec. 4900 of the Rev. Codes which reads as follows: "The measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties. . . . . " If this section of the statute can be applied to the allowance of attorney's fees in foreclosure proceedings, then the fee to be determined in such proceedings is the fee stipulated in the mortgage, and this fee must be proven in accordance with the rule announced by this court in *Porter v. Title Guaranty etc. Co., supra.*

Sec. 4520 of the Rev. Codes provides: "There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property. . . . . " In a proceeding, therefore, to foreclose a mortgage securing promissory notes, the action is founded upon the notes and mortgage. The foreclosure proceeding is the one action that can be maintained, and the notes and mortgage are inseparably connected, and a stipulation in the mortgage with reference to the amount of attorney's fees to be collected upon foreclosure determines the amount of fees to be allowed in such foreclosure, and the reasonable fee specified in the notes is limited and modified by the specific sum agreed upon in the mortgage. The notes themselves are merely evidences of the indebtedness, and the fact that the notes provide that if suit be brought upon them there shall be allowed a

reasonable attorney's fee does not change or alter the conditions in the mortgage to the effect that the fee shall be a stipulated sum, and in entering a decree the trial court is bound by the provisions of the mortgage and the proof supporting the same, as required by the rule laid down above. The action of foreclosure of the mortgage to secure the notes is a single and distinct action, and but one fee can be allowed in such action, and such fee is the fee stipulated by the mortgage, subject to the rules of evidence showing such fee to be reasonable. The reason for requiring proof to show that the fee is reasonable is to prevent the collection of an unreasonable or extortionate fee, and does not mean that if the stipulated fee is lower than should reasonably be charged for such services, the court will increase such fee to a reasonable sum. The parties have power to stipulate a fee which is lower than a reasonable fee, but the court should not fix or allow a fee, although stipulated, which is unreasonable or extortionate.

We think this construction of the stipulation found in the notes and the mortgage is fully sustained by the authorities, and that the provisions with reference to attorney's fees found in the notes and mortgage should be read and construed together. The general rule stated in the authorities is, "it has been held that when the attorneys fix the amount of the attorneys' fees, it is error for the court to allow a larger sum than that so fixed." (*Monroe v. Fohl*, 72 Cal. 568, 14 Pac. 514; *Hewett v. Deane* (Cal.), 25 Pac. 753; *Palmeter v. Carey*, 63 Wis. 426, 21 N. W. 793, 23 N. W. 586; *Gunzenhauser v. Henke*, 97 Ill. App. 485; *Henke v. Gunzenhauser*, 195 Ill. 130, 62 N. E. 896.)

For these reasons we think the judgment in this case should be *reversed*. The trial court is directed to modify the judgment and reduce the attorney's fees to $50, and that the judgment heretofore entered be modified and entered in accordance with this opinion. Costs awarded to appellants.

Sullivan, J., concurs.

Ailshie, J., sat at the hearing but expresses no opinion on the merits of the case.