## HATCHER v. KINKAID *et al.*

No. 3982.    Opinion Filed June 15, 1915.

(150 Pac. 182.)

1.   **MORTGAGES—Assumption of Mortgage—Interest—Attorney's Fees—Liability of Purchaser.** Where the vendee contracts with the vendor in writing for the purchase of real property, upon which there are recorded mortgages past due, that he (vendee) buys said property subject to such mortgages, and agrees to pay the vendor, within 90 days, the difference between the purchase price and the amount of such mortgages, and there is nothing in said contract which provides when said mortgages are to be paid, the law presumes that said mortgages are to be paid at once; and, if the vendee fails to pay same, any interest that may accrue upon such mortgages after the date of such contract of sale, and any attorney's fees that may be incurred in foreclosing such mortgages, the amount of such fees or interest cannot be deducted from the purchase price agreed to be paid by the vendee to the vendor, but they are individual liabilities of the vendee, and a lien may be decreed upon the land bought for the payment of such interest and attorney's fees.

2.   **SAME—Liability of Vendor.** Where a vendee is placed in possession of real property by the vendor, and a part of the consideration agreed to be paid by the vendee is outstanding mortgages against the property purchased, and other property of the vendor, aside from that sold to vendee, is included in said mortgages, and the contract of sale does not fix the time in which the mortgages assumed are to be paid, the law presumes that said mortgages are to be paid at once, and the vendor may legally refuse to execute a conveyance of said property to the vendee until such mortgage debts are paid; and, notwithstanding such refusal, if interest accrues, or attorney's fees are incurred, as provided in such mortgages, the vendor cannot be made liable, as between the vendor and vendee, for such interest and attorney's fees.

3.   **MORTGAGES—Foreclosure—Stipulation for Attorney's Fee—Validity—Burden of Proof.** Where the amount of an attorney's fee is stipulated in a mortgage for collection or foreclosure of same, and the same is attacked upon the ground that the fee is excessive, or a cloak for usury, the burden of proving such defense is upon the mortgagor, and the mortgagee may stand upon

such stipulation in the mortgage, and is not required to show by evidence that such stipulated fee is not excessive, nor a cloak for usury.

4. **APPEAL AND ERROR—Assignment of Error—Argument—Evidence.** The assignment of error and argument attempted to be made to support same that the stipulation in a mortgage to pay an attorney's fee for collection or foreclosure, without evidence to establish the rendition and value of such services, may be regarded as a mode of charging usurious interest, and that the burden is upon the mortgagee to prove to the contrary, is frivolous, and will not be considered by this court.

5. **APPEAL AND ERROR—Decision—Equity.** In all cases which are cognizable in a court of equity, this court on appeal has the power to consider the whole record, to weigh the evidence, and, when any part of the judgment of the trial court is clearly against the weight of the evidence, to cause to be rendered such judgment as the trial court should have rendered.

6. **SAME.** This court has considered the whole record in this case, weighed the evidence, and finds that the judgment rendered by the trial court is supported by the weight of the evidence, but is more favorable to plaintiff than he is entitled; hence the judgment should be modified by charging plaintiff with interest on the amount found due the Kinkaids by plaintiff after 90 days from the date of the contract, which is the subject-matter of this action.

(Syllabus by Collier, C.)

*Error from District Court, Tulsa County;*

*L. M. Poe, Judge.*

Action by C. H. Hatcher, Jr., against Lindsay Kinkaid and others. Judgment for defendants, and plaintiff brings error. Modified and affirmed.

This controversy arose under a written contract, entered into by plaintiff in error, hereinafter called plaintiff, and Lindsay Kinkaid and wife, two of the defendants in error, hereinafter designated Kinkaids, for the purchase by said plaintiff from said Kinkaids of certain lots in the city of Tulsa; in which said written contract plaintiff agreed—

"to take said real estate subject to any and all lawful mortgages now of record against said real estate above described, and after deducting the amount of all lawful mortgages now of record against said real estate, added together, from the purchase price of $10,500, the said party of the second part hereby binds himself and agrees to pay party of the first part the remainder of the purchase price of $10,500, after the amount of all mortgages now of record have been added together and subtracted from the said purchase price, on the delivery of a general warranty deed to said above described real estate: Provided that said plaintiff shall have 90 days in which to examine the title to said real estate, and to pay the Kinkaids the remainder of the purchase price, after subtracting the amount of all mortgages now of record."

These mortgages were past due at the time this contract was executed.

Within two or three days after the execution of said contract plaintiff, with the consent of the Kinkaids, took possession of the lots described in said contract and began the erection of a building thereon. Plaintiff afterwards demanded a deed from the Kinkaids to said property, which the Kinkaids refused to execute, upon the ground that the plaintiff had not paid the mortgages he contracted to pay, and that in one of said mortgages was property owned by the Kinkaids, other than the property sold by them to plaintiff. Thereupon plaintiff brought this action against the Kinkaids, and joined as defendants the several mortgagees of said property. By agreement two other cases, with numerous parties, involving the property contracted to be sold by the Kinkaids to plaintiff, were consolidated, and the case tried to the court.

The court made the following findings of fact:

That the incumbrances of record against said property at the time of the execution of said contract, and at

Hatcher v. Kinkaid et al.

the time plaintiff took possession of said property and commenced the construction and erection of a building thereon, were as follows: "Back taxes in the sum of $1,012.23; mortgage and interest due the Union Trust Company, of Tulsa, Okla., $6,582.10; mortgage and interest due A. Arthur, $204.05; mortgage and interest due E. B. Petty, $522.13—making the total incumbrance against said property at the date of said contract, at which time plaintiff took possession of said property, in the sum of $8,320.51." That after the execution of said contract said plaintiff paid to said Kinkaids on said contract price for said real estate the sum of $820, leaving as a balance due said Kinkaids on account of the purchase of said property the sum of $1,359.49.

The court further found that since the execution of said contract by and between the plaintiff and the Kinkaids the Kinkaids had executed a mortgage to J. R. Clark upon the property sold by the Kinkaids to the plaintiff to secure the payment of $284.41, and that the same was a lien upon said property. The court also found that within two or three days after the execution of said contract by and between the plaintiff and the Kinkaids for the purchase of said property plaintiff decided that the title was good and satisfactory to him, and began the erection of a building thereon. The court also made other findings of fact as to the amounts due on liens growing out of the erection of said building, which, under the questions involved in this appeal, we deem unnecessary to recite.

The court decreed that after subtracting from the purchase price of $10,500 the amount of outstanding mortgages existing at the time the contract of sale was entered into, and the cost of an abstract and other fees, plaintiff was indebted to the Kinkaids on account of the purchase of said property from them in the sum of

$1,328.89, and directed plaintiff to pay same into court for their benefit, and that the Kinkaids execute a warranty deed to said plaintiff conveying said lots to him, and that upon their failure to do so the decree should have the same effect as a deed; that out of said money so deposited by plaintiff there should be paid to J. R. Clark the sum of $284.41, to O. U. Schlegel the sum of $211.31, to S. M. Gloyd the sum of $56.15; and that, if there be any left, the remainder to be paid to the Kinkaids. It was further ordered, considered and adjudged by the court that the Union Trust Company have and recover from defendants Kinkaid the sum of $6,150, with interest thereon at the rate of 10 per cent. per annum from the 14th day of May, 1910, together with $407 attorney's fees; that E. B. Petty have and recover of and from said defendants the sum of $500, with interest from the 17th day of August, 1910, at the rate of 10 per cent. per annum; that A. Arthur have and recover of and from said defendants $196.88, together with interest thereon at the rate of 8 per cent. per annum from the 20th day of September, 1910, together with $19.68 attorney's fees; that J. R. Clark have and recover of and from said defendants the sum of $284.41—and decreeing liens therefor upon the land purchased by plaintiff from the Kinkaids. The court also decreed that plaintiff was entitled to a specific performance of said contract, and a personal judgment against the Kinkaids and the plaintiff in the event the property was sold and did not bring a sufficient sum to discharge the several judgments. Other amounts to various persons were decreed, but it is deemed unnecessary to recite same. From said judgment plaintiff prosecutes this appeal, praying that said judgment be modified.

C. M. Simon, for plaintiff in error.

*Woodson E. Norvell, Randolph & Haver, Shartel, Keaton & Wells, Ralsa F. Morley, Robinson & Gore,* and *R. E. Berger,* for defendants in error.

Opinion by COLLIER, C. (after stating the facts as above). Plaintiff in his brief, at page 18, makes the following statement as to the actual question presented for our consideration:

"The only question involved is a question of law. The only question of law that concerns Lindsay Kinkaid and Maudie Kinkaid, and of which the plaintiff in error, C. H. Hatcher, Jr., complains is the following: Should the written contract of January 27, 1911, be construed as if said contract had been signed and executed on January 15, 1912, the date of the trial and decree by the district court; in other words, should the attorney's fees and interest on the A. Arthur mortgage, the E. B. Petty mortgage, and the Union Trust Company mortgage from January 27, 1911, to January 15, 1912, in the sum total of $1,082.16 be deducted from the purchase price, that is, be paid by Lindsay Kinkaid and Maudie Kinkaid, or should said sum of $1,082.16 be paid by C. H. Hatcher, Jr., under said written contract set out on page 15, case-made?"

The contract of sale provided that the sale was to be made subject to any recorded mortgages; that the amount of such liens was to be deducted from said purchase price of $10,500, and the remainder paid by plaintiff to the Kinkaids within 90 days from the date of said contract. Plaintiff, with consent of the Kinkaids, within a few days after the execution of said contract, took possession of said property and began building thereon. Plaintiff, just prior to the expiration of the 90 days from the date of said contract, tendered to the Kinkaids the amount claimed to be due them under the contract, and demanded that they execute to him a deed to said property, which the

Kinkaids declined to do, upon the ground that plaintiff had not paid the mortgages which he contracted to pay, and that in one of said mortgages property other than the property sold to plaintiff was involved. But it does not appear from any view of the case that any loss or injury came to plaintiff by reason of the refusal of the Kinkaids to execute the deed demanded by plaintiff; plaintiff at all times being in the undisturbed possession of said property and enjoying its income and profits.

The contract of sale executed by and between plaintiff and the Kinkaids is plain and unambiguous, and it is impossible to construe the same to mean that the payment of the liens against the property named was to be deferred; but, on the contrary, such liens were the cash consideration to be paid for said property, and the 90 days in which the difference between the purchase price and the outstanding liens were to be paid cannot possibly be construed as in any manner relating to the time of payment of the mortgages upon said property. It was the duty of plaintiff under said contract to pay and discharge, without delay, the mortgages upon said property, and, had he done so, he would not have incurred the liabilities of which he here complains.

The interest and legal attorney's fees that accrued after said contract of sale was entered into are the result of the failure of plaintiff to discharge his plain and unquestioned obligations under said contract—to pay off said mortgages. Certainly plaintiff cannot complain of the result of his own laches and impose the liabilities thereby incurred upon the Kinkaids. Equity demands and requires that those who would woo her "must come with clean hands." This the plaintiff does not do.

· It follows that the plaintiff, and not the Kinkaids, is liable for the interest accruing upon the mortgages in question here since the date of the execution of the contract sought to be specifically performed.

The attorney's fees which are adjudged by the trial court against plaintiff are the fees definitely fixed as to an amount certain in the respective mortgages. The only case cited by plaintiff in support of his contention that the court erred in adjudging attorney's fees against plaintiff, without evidence as to the value of such services, is *Lewis v. Sutton*, 21 Idaho, 541, 122 Pac. 911, in which case the mortgage provided "for a reasonable fee." Hence said case is not an authority supporting said contention of plaintiff. Nor is section 4420, Comp. Laws 1909 (section 4032, Rev. Laws 1910), cited by the attorneys for the Union Trust Company as supporting the judgment of the court as to attorney's fees, applicable to the instant case, for the reason that said section applies alone to foreclosure of mortgages upon personal property, without the intervention of a court. Where, as in this case, the amount of the attorney's fee is definitely fixed in the mortgage or note, it is not necessary that evidence be introduced by the party seeking such foreclosure to show that the fee is equitable. *Cooper v. Bank*, 4 Okla. 632, 46 Pac. 475; *Steward v. Commissioners*, 29 Okla. 754, 119 Pac. 216. If the fee fixed be so high as to be oppressive, or be used as a cloak for charging usury, the burden is upon the one so asserting to prove it.

It is assigned as error, and an attempt made to support said assignment by argument, that the stipulation in a mortgage for the payment of attorney's fees for its collection or foreclosure should be, without evidence to

support the rendition or value of such services, regarded as a mode of charging usurious interest. This assignment is entirely frivolous, and will not be considered by this court.

The court ordered that out of the $1,328.89 decreed to be paid into court by plaintiff for the benefit of the Kinkaids, the mortgage debt of J. R. Clark, in the sum of $284.41, be paid, and decreed a lien upon said property for the payment of same. As this money is to be paid into court by the plaintiff, and out of the same the said Clark is to be paid, and such payment discharges the lien decreed upon the property purchased by plaintiff from the Kinkaids, if the court erred in decreeing said lien upon said property, which we do not decide, such error is without injury of which the plaintiff can complain. It therefore follows that the court did not err in decreeing that the balance due by plaintiff to the Kinkaids was the sum of $1,328.89. However, the court did err in failing to add legal interest thereon after 90 days from the date of the contract, and this error of the court should be corrected. The interest that accrued from the date of the execution of the contract on the outstanding liens, up to the time the decree was rendered in this case, and the attorney's fees that accrued on account of plaintiff's failure to pay said mortgages as he contracted, are due entirely to the fault of plaintiff, and under the well-established rule of equity plaintiff cannot complain of his own wrong.

Upon a consideration of the decree as a whole, we do not think that the deficiency judgment rendered so affects the plaintiff that he can properly complain of same; and from the views herein expressed it is apparent that the court did not err in overruling the motion for a new trial.

This court has considered the whole record in this case and weighed the evidence, and finds that the judgment rendered by the trial court is supported by the weight of the evidence, but is more favorable to the plaintiff than he is entitled, and that hence the judgment should be modified by charging plaintiff with interest after 90 days from the date of said contract hereinbefore mentioned upon the $1,328.89, decreed due by plaintiff to the Kinkaids. In *Success Realty Co. v. Trowbridge,* 50 Okla. —, 150 Pac. 898, it is held:

"In all cases which were cognizable only in a court of chancery, this court on appeal has the power to consider the whole record, to weigh the evidence, and, when the judgment of the trial court is clearly against the weight of the evidence, render or cause to be rendered such judgment as the trial court should have rendered."

See, also, *Schock v. Fish,* 45 Okla. 12, 144 Pac. 584.

Finding no error in the record of which plaintiff in error can properly complain, the judgment rendered herein should be modified so as to charge plaintiff in error with interest on the $1,328.89 after the expiration of 90 days from the date of the execution of the original contract of purchase by and between said plaintiff and the Kinkaids, and the judgment in said cause, as so modified, should be affirmed.

By the Court: It is so ordered.