## MESSNER v. CARROLL et al.

No. 7350—Opinion Filed July 25, 1916.

(159 Pac. 362.)

**Mortgages—Requisites—Absolute Deed as Mortgage.**

Where the mortgagor executes to the mortgagee a deed to the property mentioned and described in certain mortgages which are given to secure certain notes, the notes are not cancelled nor the mortgages released of record, and the mortgagee is permitted to retain them in his possession and under his control, and said deed is placed in a bank in escrow to be delivered to the mortgagee on a certain date, unless the indebtedness, principal and interest, are paid prior to that time, and on failure to pay the same at said date certain said deed is delivered, held, the deed should be treated as a mortgage, even

though it is in form a deed, and should be foreclosed as such.

(Syllabus by Brunson, C.)

Error from District Court, Alfalfa County; James B. Cullison, Judge.

Action by T. J. Carroll against Henry L. Messner and others, in ejectment, rents and damages. Trial to the court and judgment for plaintiff, and defendant Messner brings error. Reversed and remanded, with directions.

Titus & Talbot, for plaintiff in error.

H. C. Kirkendall and E. C. Wilcox, for defendants in error.

Opinion by BRUNSON, C. The parties to this case will be referred to and designated here as they were in the trial court.

On the 24th day of April, A. D. 1914, T. J. Carroll brought suit in ejectment in the district court of Alfalfa county, Okla., against Henry L. Messner, Roy Martin, and Mrs. Roy Martin. The defendants Roy Martin and his wife, Mrs. Roy Martin, were made parties to the suit in order that any interest they have in the lands in controversy might be barred. They were served with process, but made no appearance or otherwise defended against the action, and it appears that they had no interest in the lands further than that they were tenants thereon. They will not be referred to further in this opinion. The contest was between T. J. Carroll, plaintiff, and Henry L. Messner, the defendant.

It is alleged in the plaintiff's first amended petition that on the 2d day of March, A. D. 1911, the defendant Henry L. Messner and his wife, Matilda Messner, for a valuable consideration, made, executed, and delivered to the plaintiff, T. J. Carroll, and John C. Carroll, their certain promissory note in writing for $1,000, with interest at the rate of 10 per cent. per annum from date until paid, the same becoming due and payable on the 15th day of February, A. D. 1912, and that at the same time and for the purpose of securing said promissory note the defendant Henry L. Messner, joined by his wife, Matilda Messner, executed and delivered their certain mortgage in writing, whereby they mortgaged to T. J. Carroll, the plaintiff, and to John C. Carroll, the following described real estate situate in Alfalfa county, state of Oklahoma, to wit: The N. W. ¼ of section 17, township 29, R. 9, W. I. M., containing 106.49 acres, less the right of way of the Kansas City, Mexico & Orient Railway and Chicago, Rock Island & Pacific Railway; that said mortgage was duly signed, acknowledged, and delivered to said plaintiff, and was thereafter duly filed for record in the office of the register of deeds of Alfalfa county, state of Oklahoma, on the 15th day of March, A. D. 1911; that thereafter the said John C. Carroll by assignment conveyed all of his right, title, and interest in and to said note and mortgage to the said T. J. Carroll, plaintiff.

It is further alleged that on the 2d day of March, A. D. 1911, the defendant Henry L. Messner, joined by his wife, Matilda Messner, made, executed, and delivered another certain promissory note for the sum of $1,000, for a valuable consideration to the plaintiff, T. J. Carroll, and to John C. Carroll, said note bearing interest at the rate of 10 per cent. per annum from date until paid, it becoming due and payable on the 15th day of February, A. D. 1912; that at the same time the said defendant, Henry L. Messner, joined by his wife, Matilda Messner, and for the purpose of securing said note, made, executed, and delivered a certain mortgage, in writing, to T. J. Carroll and to John C. Carroll, to the following described lands situated in Alfalfa county, state of Oklahoma, to wit: The W. ½ of the N E. ¼ and the E. ½ of the N. W. ¼ of section 5, township 28, R. 9, W. I. M., containing 163.81 acres, according to the government survey; that said mortgage was duly signed and acknowledged, and was thereafter recorded in the office of the register of deeds of said Alfalfa county, state of Oklahoma, on the 15th day of March, A. D. 1911, and that the said John C. Carroll, by proper assignment, conveyed all of his right, title, and interest in and to said mortgage and note to said plaintiff, T. J. Carroll.

It is further alleged that on the 22d day of April, A. D. 1911, William T. Rush, joined by his wife, Gertrude Rush, for a valuable consideration, made, executed, and delivered to the plaintiff, T. J. Carroll, their certain promissory note in the sum of $250, which note became due and payable three years after date, together with interest thereon at the rate of 10 per cent. per annum from date until paid, and that at the same time and as a part of the same transaction and for the purpose of securing said indebtedness the said William T. Rush and Gertrude Rush, his wife, made, executed, and delivered their certain mortgage to said plaintiff, covering the following described real estate situate in Alfalfa county, state of Oklahoma, to wit: Lot 4 and the S. W. ¼ of the N. W. ¼ of section 5, township 28, R. 9, W. I. M., containing 81.21 acres; that thereafter and on the 16th day of October, A. D. 1911, said William T. Rush, joined by his wife, Gertrude, conveyed by warranty deed to the defendant Henry L. Messner, said real estate so mortgaged for the payment of said note of $250, and interest thereon, and in said deed said defendant agreed to pay said note.

It is further alleged that on the 29th day of March, A. D. 1913, the defendant Henry L. Messner and Matilda Messner, his wife, for the purpose of satisfying said notes and mortgages above set out and mentioned, executed and delivered to the plaintiff their certain warranty deed covering all of the lands above described, and that the plaintiff thereby has a legal estate, in fee simple, and also an equitable estate in and to all of the above-described lands, making a total acreage of 361.51 acres, less the right of way of the railroads above named; that said deed was duly executed. acknowledged, and delivered to the plaintiff, and by him caused to be filed in the office of the register of deeds of Alfalfa county, state of Oklahoma, on the 9th day of March, A. D. 1914, and recorded in book 15 at page 326, and that the plaintiff is entitled to the immediate possession of said premises, but that the defendant Henry L. Messner is unlawfully and wrongfully withholding possession of said premises from him, and that said Henry L. Messner has been wrongfully in possession of the property herein described since on or about or near the 28th day of March, A. D. 1913.

It is further alleged that the plaintiff has been damaged by said defendant in the sum of $400, because of the wrongful possession of said real estate, and that the reasonable rental value of said property is the sum of $200 per annum; that defendant is unlawfully and wrongfully keeping plaintiff out of the use and possession of said premises, and is collecting and using the rents and profits arising therefrom for his benefit, and in the prayer he further asks for all other proper relief.

To this petition several motions were filed and overruled and exceptions saved. On November 10th, A. D. 1914, the defendant, Henry L. Messner, filed his answer to said first amended petition and denied: (1) All and singular the material allegations of said petition not expressly admitted; (2) denied that plaintiff had title to said real estate; (3) denied that plaintiff was entitled to possession thereof at the time of filing this action or at any other time, and in the prayer of his answer he asked for "all other and further relief to which in law and equity he may be entitled." A receiver was applied for in this case by the plaintiff and was by the court appointed; to which action of the court exceptions were duly saved and thereafter a motion was made by the defendant to vacate the appointment of receiver, which motion was overruled and exceptions saved. On November 14th, A. D. 1914, the same being a day of the regular November, A. D. 1914, term of the district court, this cause came regularly on for trial. The plaintiff

introduced in evidence the deed and all of the notes and mortgages above referred to; they were properly marked for identification and admitted as evidence; also introduced in evidence without objection the following agreement:

"This agreement made and entered into this 8th day of March, A. D. 1913, by and between T. J. Carroll as party of the first part and Henry L. Messner as party of the second part, witnesseth: That wherein party of the second part is indebted to party of the first part for the sum of about $2,700. which indebtedness is secured by three mortgages on certain lands in Alfalfa county, Oklahoma, and as second party is unable at this time to pay said mortgage or the interest thereon, he hereby agrees with party of the first part to execute and deliver to Waldron State Bank a warranty deed for the lands covered by said mortgages. said deed to be made to T. J. Carroll, and left in escrow with said Waldron State Bank together with this contract and said party of the first part in consideration of the above covenants and agrees to give second party the right to recover said deed at any time before March 1st, 1914, by paying to said first party or his assigns the amounts of said mortgages on the lands conveyed in said deed with interest to date of payment thereof and said Waldron State Bank is hereby authorized to return to party of second part the above-mentioned deed upon sufficient proof that said mortgages have been satisfied.

"It is further agreed that second party shall execute and put up with this contract a promissory note in favor of the first party for the sum of $225.00 for one year's interest on said mortgages, which note is also to be held by said Waldron State Bank and in case said second party shall redeem said deed within one year from March 1st, 1913, said note shall be null and void and shall be returned to party of the second part but in case said second party shall not redeem said deed said note shall be delivered to said party of the first part who shall agree to release said mortgages when said deed is delivered him at the expiration of one year from March 1st, 1913, unless redeemed sooner by party of second part."

The defendant executed the note and deed mentioned in this contract and deposited them in escrow in the bank as therein provided. He did not pay the indebtedness, principal and interest, before the 1st day of March, A. D. 1914, and the depositary delivered the deed to the plaintiff and he caused it to be placed of record. The plaintiff demanded possession of the premises some time in or about the month of March, A. D. 1914, from the defendant, which possession was refused, defendant saying that he had information that the deed that he executed to said premises was void. The defendant did not deny the execution of any of the above notes, mortgages, contract or deed. He tes-

tified that the rentals on said premises would amount to about $200 per year, plaintiff and the defendant being the only witnesses that testified. At the close of the testimony the court rendered judgment for the plaintiff for the possession of said real estate and for $200 rents. A motion was filed for a new trial by the defendant in due time, and it was heard by the court and by him overruled, to which action of the court the defendant excepted, and the case is now before us on appeal.

The defendant has 13 specifications of error in his petition in error, but he argues all of the assignments except assignments Nos. 2 and 3 under the proposition that a deed, though absolute in form, if given as security for an indebtedness, is merely a mortgage and does not convey title nor right of possession to the grantee.

If the relation of debtor and creditor existed prior to the execution of the deed and continued to exist between the parties to this cause of action after the deed was delivered to the possession of the depositary, then the deed must be treated as a mortgage. If, on the other hand, this transaction was a conditional sale, then the title passed upon the delivery of the deed by the depositary.

The escrow agreement fixes the amount due upon the several notes, principal and interest, at $2,700. It also provides for the giving of a note in favor of the plaintiff for $225 to cover the interest for a period of one year on said indebtedness, and that the defendant shall have the right to pay the indebtedness, together with the interest due, at any time before the 1st day of March, A. D. 1914, and that upon satisfactory evidence being produced to the depositary of the payment of the notes and mortgages, it was authorized to return said deed to said defendant, and that in case the defendant "did not redeem said deed," the $225 note was to be delivered to the plaintiff, and in case of the payment of said indebtedness the plaintiff was to release said mortgages of record. The trial court found that the defendant executed the $225 note to cover the interest upon the amount due for the year 1913. The authorities hold that a mortgagor may sell the mortgaged property to the mortgagee, although the transaction will be scrutinized closely to determine its fairness; that such a transaction is almost as much open to suspicion as a purchase by a trustee from his beneficiary. Villa v. Rodriguez, 79 U. S. 323, 20 L. Ed. 406. It is also said that a conveyance of the mortgaged premises from the mortgagor to the mortgagee will be regarded as a mere change in the form of security, unless it clearly and unequivocally shows that both parties intended otherwise. Ennor

v. Thompson, 46 Ill. 214; Earle's Adm'r v. Blanchard, 85 Vt. 288, 81 Atl. 913.

The deed being placed in escrow could not be delivered by the bank until on or after the 1st day of March, 1914, and the defendant, according to the terms of the escrow agreement, had from the 8th day of March, A. D. 1913, until the day when the deed could be delivered in which to pay said indebtedness and have the deed returned to him, and thereupon the plaintiff was to release said mortgage. It appears to us that at the most this could only be regarded as a mere change in the form of security. If the defendant had immediately delivered the deed upon its execution by him to the plaintiff and the plaintiff had canceled the notes and the mortgages and there had been an agreement whereby the defendant retain the right to buy the land back within a specified length of time, then the title would have passed. The rule is laid down in 4 Kent, Com. at page 144:

"The test of the distinction is this: If the relation of debtor and creditor remains and a debt still subsists it is a mortgage, but if the debt is extinguished by the agreement of the parties. * * * and the grantor has the privilege of refunding if he pleases in a given time, and thereby entitle him to a reconveyance, it is a conditional sale."

The rule is also laid down in 27 Cyc. p. 974, as follows:

"Once a mortgage always a mortgage. * * * For the same reason it is not competent for parties to make a conveyance of land, absolute in form, a security for the payment of money by a given day, with the further agreement that if payment is not then made, the instrument shall be treated as an absolute sale; if the instrument is a mortgage when delivered, it will so continue until the right of redemption is cut off in some of the modes recognized by law."

In the case of Beverly v. Davis, 79 Wash. 537, 140 Pac. 696, it is said in the syllabus:

"Whether an instrument is a deed or a mortgage is determined at the inception of the transaction; the intention of the parties determining its nature. The statutory right of redemption inheres in a mortgage, and cannot be waived, whether the mortgage be in the usual form or in the form of an absolute deed; the rule being 'once a mortgage, always a mortgage.'"

In the case of Gibson v. Morris State Bank, 49 Mont. 60, 140 Pac. 77, it is said:

"Where a deed, absolute in form, is given by a debtor to his creditor, if the indebtedness remains uncanceled, the conveyance is treated in equity as a mortgage, though the grantee may not regard it as such."

In Voris v. Robbins, 52 Okla. 671, 153 Pac. 120, it is said:

"Whether a transaction evidenced by an absolute conveyance will be held to be a sale or only a mortgage must be determined by a consideration of the peculiar circumstances of each case. The form of the conveyance is not conclusive. The intention of the parties is the only true and infallible test. This intention is to be gathered from the circumstances attending the transaction and the conduct of the parties, as well as from the face of the written contract. Before a deed can be declared to be an equitable mortgage, there must exist a debt which must be personal in its nature and enforceable against the person independent of the security."

In the case of Krauss v. Potts, 38 Okla. 674, 135 Pac. 362, it is said:

"The holder of a deed absolute, taken as a security for a debt, can only acquire title by a foreclosure of his mortgage, and any agreement of forfeiture is void."

In the case of Live Stock Co. v. Trading Co., 87 Kan. 221, 123 Pac. 733, L. R. A. 1915B, 492, the Supreme Court of that state had before it the question of whether a deed, deposited in escrow to be delivered to the grantee in the event debtor failed to pay the debt by a stated time, was an absolute deed of conveyance, or merely a mortgage securing a debt. The syllabus in that case on this question is as follows:

"Where by the agreement of the mortgagor and mortgagee the note secured and deed for the mortgaged property from the mortgagor to the mortgagee are deposited in escrow, both to be delivered to the mortgagor if he pays his debt by a certain date, otherwise the note to be delivered to him and the deed to the mortgagee, the delivery of the deed in accordance with the agreement does not divest the mortgagor's title. If such a deed is regarded as taking effect at the time of its deposit in escrow, the continued existence of the indebtedness thereafter characterizes it as a mortgage. If it is regarded as taking effect at the end of the designated period, it is invalid as an absolute conveyance of title, because it is an attempt to procure in advance a release of the equity of redemption."

The plaintiff in his petition pleaded the execution and delivery of the notes and mortgages; pleaded that the mortgages were given to secure the payment of the notes, and contained a description of the real estate and the conditions contained in the defeasance clause of the mortgages and the default of the defendant in making payments. The date of the filing of the mortgages in the office of the register of deeds and also the deed in question, was pleaded, and each and all of said instruments, together with the notes, were attached to said petition and marked exhibits and made a part thereof, and in the prayer he asked for all other proper relief. It was not necessary to have pleaded all the notes and mortgages in his petition, but since he has done so, we think that the mortgages and notes, together with the escrow agreement and the evidence offered by him, are sufficient, together with the finding of the court that the $225 note was given as interest, to establish the fact that the relation of debtor and creditor existed between the parties to this transaction, and that the deed, though absolute in form, was given as security for the indebtedness, and that it is merely a mortgage, and that it does not convey title or right of possession to the grantee. The plaintiff in his brief says that this court may consider the entire record of the case, weigh the evidence, and render such judgment as the trial court should have rendered and that, if it finds that the deed is in fact a mortgage, this court should render the proper decree, or order one entered in the trial court, foreclosing said deed as a mortgage. And the following authorities are cited in support of this contention: Tucker v. Thraves, 50 Okla. 691, 151 Pac. 598; Hatcher v. Kinkaid, 48 Okla. 163, 150 Pac. 182; Success Realty Co. v. Trowbridge, 50 Okla. 402, 150 Pac. 898.

It is contended that it was prejudicial error for the court to refuse to vacate the order appointing a receiver, but since the trial court should have treated the case as a foreclosure proceeding and he is ordered by this court to so treat it, it was not error to appoint a receiver, or to refuse to vacate the order appointing him.

The trial court committed reversible error in not treating said deed as a mortgage, securing the indebtedness mentioned and described in plaintiff's petition. The case is therefore reversed and remanded, with directions to the trial court to set aside the judgment heretofore rendered in said cause and treat said deed as a mortgage and foreclose the same under the law as if it were a mortgage.

By the Court: It is so ordered.