**KOENIG et al. v. DIETERLE et al.**

No. 19408.  Opinion Filed Nov. 5, 1929.

Rehearing Denied Dec. 10, 1929.

John C. Graves, for plaintiffs in error.

78

Langley & Langley and Frank Ertell, for defendants in error.

FOSTER, C. As we view it, the only question presented by this appeal is whether or not a certain instrument in the form of a deed given by the defendants in error to the plaintiff in error J. Koenig, was an absolute deed or mortgage given for the security of money.

The action was brought in the district court of Rogers county in 1927, by the defendants in error against the plaintiffs in error, for the cancellation of a certain warranty deed made and executed on the 10th day of August, 1923, in which deed the defendants in error were grantors and J. Koenig, one of the plaintiffs in error, was grantee. The parties will be referred to as they appeared in the trial court.

The record discloses that on and prior to the 10th day of August, 1923, the plaintiffs were the owners of the real estate involved herein described as the southwest quarter of section 13, township 19 north, range 16 east, Rogers county, Okla. There was a first mortgage on this property given to R. E. Holmes & Sons for the sum of $1,200. Plaintiffs were indebted to the defendant, J. Koenig, in the sum of $2,000, and had given a second mortgage on the land to secure payment of same.

It appears that the plaintiff Chris Dieterle was the owner of several tracts of land located in the vicinity of the real estate here involved, and most of the same, if not all, was covered by mortgages, some of which were given to the Deming Investment Company. The $1,200 mortgage on the land in controversy was past due and the plaintiffs were attempting to raise money to pay it off. After they were threatened with foreclosure by Holmes & Sons, they went to the defendants, who owned and conducted a bank in the city of Inola, for the purpose, as plaintiffs say, of obtaining a loan in order to pay off the original mortgage. After considerable negotiation, according to the testimony of plaintiffs, the defendants agreed to loan the plaintiffs the amount of money necessary to pay off the mortgage held by R. E. Holmes & Sons on condition that they would execute a deed for the property; but it was understood and agreed between the parties at the time the deed was executed that it was given to secure $1,200 owing to R. E. Holmes & Sons, and the $2,000 owing to J. Koenig.

The testimony surrounding the transaction at the time the deed was executed is entirely conflicting; the plaintiffs testifying positively to a definite agreement that when they repaid the amount of the two mortgages, together with interest thereon at the rate of 10 per cent., the property was to be reconveyed. They testified to a conversation in which they attempted to get defendants to only charge them interest at the rate of 8 per cent., but that defendant refused. One witness by the name of Harper, who happened to be in the bank, testified that he overheard the conversation in which they were discussing the rate of interest to be paid. On the other hand, the defendant and their son, Dennis Koenig, testified that there was no such agreement, that the deed represented an absolute purchase, and was therefore a conveyance without restriction for an agreed price of $3,200, the same to be paid by J. Koenig assuming the $1,200 due Holmes & Sons, together with $36 as interest, and the remaining part of the purchase price of $1,964 was to be credited upon the note of $2,000, which was owing from plaintiffs to defendant J. Koenig. The note of $2,000 was introduced in evidence and showed a credit on August 10, 1923, in the sum of $1,964. This indorsement was in the handwriting of Mrs. J. Koenig, but plaintiffs deny any knowledge that same was made.

The testimony also shows on behalf of the plaintiffs that certain interest payments were made upon the indebtedness, which they admit they owed, and tendered into court, and that these interest payments are shown upon the back of the $2,000 note. Defendants admit they received certain payments, but contend that they were partial payments of the amount remaining unpaid after the $1,964 was applied; the defendants contending that there had accrued upon the $2,000 note something like $500 as interest, which was unpaid on August 10, 1923, and these subsequent payments were in liquidation of the unpaid balance.

After the issuance of the deed plaintiffs contend that they actually remained in possession of the property, which was vacant and unimproved, with the exception of certain fences. They testified that they pastured the land with their own stock for a year or more, and as long as they had any stock to pasture thereon; that they protested to Mrs. Koenig about certain persons who were cutting timber off the land, and the manner in which it was being cultivated. However, in their petition they ask for possession of the land.

The testimony of defendants is to the effect that they had undisputed possession of the land since the issuance of the deed until the filing of this suit; that they rented it to different persons, collected the rents therefrom, had their tenant to reduce a large

part of it to cultivation, and had exercised authority and control over the land, and had been in undisturbed, peaceful possession thereof for more than three years. They introduced testimony showing that the plaintiff Chris Dieterle had made statements at various times during the fall of 1923, and the years, of 1924, 1925 and 1926, that Mrs. J. Koenig owned this land, and that he had sold it to her. Some eight or ten witnesses were introduced on behalf of the defendants, who testified, in substance, that Chris Dieterle had made like statements to them during that period. Dieterle, on rebuttal, explained some of the statements and denied others. In explaining the statements, he testified that he only told these various witnesses that he had deeded the land to Mrs. Koenig, but attempted to explain to them that, upon the payment of the money, the land was to be reconveyed.

The cause was tried to the court without the intervention of the jury, and upon a consideration of all the testimony, the court found that the deed issued on August 10, 1923, was in fact a mortgage, ordered it canceled, and directed a foreclosure of defendants' lien for the amount of money represented by the two mortgages above referred to, together with the taxes, which defendants had paid, allowing a credit for the amount of rents, bonuses, and profits received from the land, as would be shown by an accounting which was ordered by the court to be thereafter made. From this judgment defendants prosecute this appeal.

While there are many assignments of error, we believe, as above indicated, that the only question presented is whether the deed absolute upon its face was in fact a mortgage.

Pursuant to section 5253, C. O. S. 1921, and numerous decisions of our court, it is well established that are instrument given to secure the payment of money, although in form an absolute deed, is a mortgage.

The general rule in an equity case, that the finding and judgment of the trial court will not be reversed on appeal unless it is against the clear weight of the evidence, applies in an equitable action to declare a deed a mortgage. Kline v. Kollman, 100 Okla. 160, 228 Pac. 768; Thomas v. Halsell, 63 Okla. 203, 164 Pac. 458. However, in applying the above well-established general rule, it is to be remembered that, in actions to declare a deed a mortgage, the burden is upon the one asserting the deed to be a mortgage to show by proof, which is clear, cogent, satisfactory and convincing, that it was so intended by the parties.

The presumption is that a deed of con-

veyance is just what it purports on its face to be, and should not be declared a mortgage on vague, uncertain or contradictory evidence; and where there is a conflict in the evidence, a mere preponderance is not enough to warrant the court in changing the legal purport and effect of the deed. 27 Cyc. 1024. But such presumption may be overcome by evidence in accordance with the rules above stated, and when competent and substantial evidence has been presented, showing the deed to have been intended as a mortgage, then the presumption arising from the face of the instrument is rebutted. 41 C. J. 345.

The authorities in this state hold that a mortgagor may sell the mortgaged property to the mortgagee, although the transaction will be scrutinized closely to determine its fairness. Villa v. Rodriquez, 70 U. S. 323, 20 L. Ed. 406; Messner v. Carroll, 60 Okla. 90, 159 Pac. 362.

In the case of Messner v. Carroll, supra, the court, in the body of the opinion, said:

"It is also said that a conveyance of mortgaged premises from the mortgagor to the mortgagee will be regarded as a mere change in the form of security, unless it clearly and unequivocally shows that both parties intended otherwise. Ennor v. Thompson, 46 Ill. 214; Earle's Adm'r v. Blanchard, 85 Vt. 288, 81 Atl. 913."

The fact that the grantor of a deed absolute in form, but alleged to have been intended as a security, was financially embarrassed at the time of its execution, being sorely pressed for money, and therefore at the mercy of his creditors and unable to dictate the terms of his security, is a circumstance that will be considered as tending to show the intention to create a mortgage. 41 C. J. 340.

The fact that the grantor permits the grantee in an absolute deed to assert title to the property and to exercise acts of ownership over it, without setting up any claim of right to redeem or reconvey, especially if it continues for a long time, is strong evidence that the conveyance was not intended as a mortgage, 27 Cyc. 1016. However, this evidence is not conclusive, but is subject to rebuttal by other evidence.

It has often been held that declarations and admissions of the parties tending to show the character of the controverted, formal conveyance, are admissions against the declarant on such issue. 27 Cyc. 1016; Hesser v. Brown (Wash.) 82 Pac. 934.

Also, the value of the land is to be considered, and is competent evidence in deter-

mining the issue of whether a deed is a mortgage. Swegle v. Belle (Ore.) 25 Pac. 633.

Keeping in mind all of the above principles, we conclude that the judgment and finding of the trial court is not against the clear weight of the evidence.

The plaintiffs in this case were in need of money to save their real estate from foreclosure. The defendants held a second mortgage upon the land in controversy, and the first mortgagee was threatening foreclosure. The deed was issued, according to the defendants, only for a part of the indebtedness against the land, most of which indebtedness the defendants held. The plaintiffs testified, positively, that the deed was only as security for the money which they already owed. The true test of whether or not a deed is a mortgage is the existence or nonexistence of a debt. If a debt exists independent of the mortgage, then the instrument is a mortgage regardless of its form Renas v. Green, 88 Okla. 170, 212 Pac. 755. The fact that no money changed hands in a case where a debt already existed is a circumstance to be considered in determining the question.

In the case at bar plaintiffs contend that they never actually gave up possession of the real estate in question, but defendants claim that they had possession and exercised control over the property, and we think from the petition and evidence it is established that defendants had possession of the property, at least for a greater part of the time after August 10, 1923. But this is only a circumstance, together with all the other facts, in determining the issue. It is admitted by both parties that certain payments were made after the deed was issued; the plaintiffs contending that said payments were for interest, and the defendants contending that said payments were to be applied on the additional amount owing to them by plaintiffs. Some of the notes were not delivered. The second mortgage upon the property given by the plaintiffs to defendants was not released at the time of trial.

The amount which defendants paid for the deed, as they contend, was greater than the value of the land for farming purposes, but the record discloses it had an oil value, although the amount is not shown.

There are many other circumstances shown by the record to support the contentions of defendants, and some to support the contentions of plaintiffs, but we have carefully examined the whole record and cannot say the judgment is against the clear weight of the evidence.

The judgment is affirmed.

BENNETT, JEFFREY, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.