**BUTE v. DUSON et al.**

No. 10211.

Court of Civil Appeals of Texas. Galveston.

May 8, 1936.

Rehearing Denied June 4, 1936.

E. C. Evans, J. R. Hill and R. E. Schneider, Jr., both of Houston, for plaintiff in error.

Geo. P. Willis and Donald M. Duson, both of El Campo, for W. W. Duson, Jr.

LANE, Justice.

This suit was instituted by W. W. Duson, Jr., against V. Baden, James House Bute, and C. A. Ward. Plaintiff alleged that "on or about the 14th day of July, 1930, defendant V. Baden made, executed and delivered to plaintiff his six certain promissory notes for the sum of $997.46 each, bearing date on the day and year aforesaid, due on or before one, two, three, four, five and six years, respectively, from date, payable to the order of plaintiff at El Campo, Texas, bearing interest at the rate of seven per cent per annum from date until paid, stipulating for ten per cent on the amount of principal and interest then due as attorney's fees in case suit is brought on same or if placed in the hands of an attorney for collection, and providing that failure to pay any of said notes, or any installment of interest thereon, when due, shall, at the option of the holder of all of said notes, or any one of them, mature all the said notes, and they shall at once become due and payable, whereby the defendant, V. Baden, became bound and liable to pay and promised to pay plaintiff the sum of money in said notes specified, together with all interest and attorney's fees due thereon according to the tenor and effect thereof, said notes being in words and figures substantially as follows:" (Here note is fully described.)

Plaintiff further alleged "that said notes were given for a part of the purchase money of the following described real estate and premises: (here follows description of property by metes and bounds), which was on the 14th day of July, 1930, conveyed by plaintiff to V. Baden by plaintiff's deed of that date, wherein a lien was reserved to secure the payment of said notes; that the notes are all due and unpaid in part or in whole; that said notes had been placed in the hands of M. Duson, plaintiff's attorney, for collection, to whom plaintiff has promised to pay the 10% attorney's fee stipulated in the notes; that the defendant, V. Baden, on or about the 22nd day of July, 1930, executed and delivered to the defendant, James House Bute, a deed of conveyance to the above described property, which said instrument is of record in the Deed Records of Wharton County, Texas; that the defendant C. A. Ward is now in possession of said above described premises, farming same to cotton and corn, under some character or rental agreement with the defendant, V. Baden, or the defendant, James House Bute; that the Federal Land Bank of Houston, Texas, holds a first deed of trust lien upon the above described property to secure an indebtedness of approximately $3800.00, and that the market value of said property so encumbered is probably not sufficient to discharge the indebtedness herein sued upon when same shall be sold at foreclosure sale as hereinafter prayed for."

Plaintiff's prayer was for an accounting by C. A. Ward of the rents and revenues accruing from his use of the land during the crop season of 1931; for judg-

ment against V. Baden for his debt, interest, and attorney's fees and costs of suit, and for judgment against all defendants for the foreclosure of his vendor's lien on said land and premises, and for a sale of said property according to law; that in the event the proceeds from such sale shall be insufficient to satisfy plaintiff's judgment, that said rents and revenues due by C. A. Ward be applied to the satisfaction of such judgment so far as same may be necessary, and for general relief.

Defendant Baden filed his second amended original answer to plaintiff's petition, which consisted of a general demurrer and general denial, and cross-complaint against the defendant Bute, alleging in substance that he had been employed by Bute to buy said land for him and for that purpose said Bute would furnish the necessary down money, to execute the purchase money notes and secure a conveyance from Duson of said land.

He further alleged that he had an agreement with defendant Bute that after he had purchased the land from Duson, Jr., he, Baden, was to execute a mineral lease to Bute, and thereafter convey the land to Bute in fee for the same consideration that he, Baden, had paid Duson, Jr., for the same, and that Bute would assume and agree to pay the notes sued on. That Bute bought the land from him, Baden, and in consideration of the cancellation of certain money advanced by Bute as a down money for the land and the promise of Bute to assume the payment of the notes sued on by Duson, Jr., and the lien held by the Federal Land Bank on the land in question he, Baden, conveyed the land to Bute by a general warranty deed; that Bute took possession of the land under such deed and became primarily liable for the payment of said notes; that he, Baden, was only secondarily liable on the notes. He prayed, "first, that he have judgment decreeing that all sums received by Duson against him be satisfied by a sale of the land; that the balance due on the judgment after the sale of the land be collected from Bute under execution; that Bute be held primarily liable, that he be decreed secondarily liable, and that he have judgment over and against Bute for the principal, interest and attorney's fees, due on said note, cost and general relief."

Defendant Bute answered the cross-action of Baden by general demurrer and denial, disclaimed any interest in the land; and specially plead that he never at any time owned or claimed the fee to the land; that the only interest he ever claimed in the land was an oil and gas lease which had expired. That in order to protect his said lease from being forfeited and lost to him by reason of the failure of Baden to pay the notes and interest and the installments on the Federal Land Bank loan, and to further secure him in the repayment of any such note or installments, as he might be forced to make in order to protect his lease, he took a deed to the land from Baden, which was intended by both Bute and Baden, not as a conveyance of the land, but simply as a mortgage, and prayed that he go hence without day with his cost.

Defendant Bute answered the petition of plaintiff Duson by general demurrer, disclaimer, and general denial.

By supplemental petition plaintiff Duson reiterated the allegations of his petition upon which he went to trial, and in such supplement prayed that in the event it was found that Baden was the agent of Bute in the purchase of the land from Duson, or that Bute assumed the payment of the notes sued on, he have judgment against Bute for the sum due on the notes, principal, interest, and attorney's fees, and for general and special relief.

Plaintiff Duson, Jr., dismissed as against defendant C. A. Ward, therefore no further mention of him will be made in this opinion.

The cause was tried before a jury upon the following issue:

"Do you find from the preponderance of the evidence that as a part of the consideration for the execution of the Deed to the 174 Acre Tract of Land from V. Baden to James House Bute, that the said James House Bute promised and agreed with said V. Baden to assume and pay the notes given by Baden to Duson herein sued on?"

The answer of the jury to such issue is, "He did."

Upon the verdict of the jury, the pleadings of the parties, and the evidence, the court rendered judgment in favor of the plaintiff W. W. Duson, Jr., against defendant James House Bute, as primary obligor on the notes sued on, the sum of $8,628.11. Said sum being made up of $5,984.76, principal of the note, $1,858.98 interest thereon, and $784.37 as attorney's

fees, said sum to bear interest at the rate of 7 per cent. per annum from date of judgment until paid. Judgment was also rendered for the plaintiff against defendant V. Baden, as secondary obligor, for the same sum awarded against defendant Bute. The judgment, however, decrees that V. Baden is, upon his cross-action, entitled to recover from defendant James House Bute any and all sums he may be required to pay by reason of his said secondary obligation. It further decreed that execution issue, commanding the proper officer to satisfy the judgment first from the property of James House Bute subject to execution, before a levy shall be made upon any property of V. Baden, if so much property of Bute, as principal obligor, can be found as will in the opinion of such officer be sufficient to make the amount of the execution; otherwise, the levy to be made upon so much property of Bute as may be found and upon so much of property of V. Baden, secondary obligor, as may be necessary to make the amount of the execution. The judgment decreed that C. A. Ward be dismissed from the cause, and that any costs incurred by him be paid by plaintiff W. W. Duson, Jr.

From such judgment James House Bute alone appealed.

Appellant's first contention for reversal of the judgment reduced to its ultimate is, that the court erred in failing and refusing to foreclose the vendor's lien declared upon in the plaintiff's petition, thus affording appellant Bute an opportunity to buy in said land at sheriff's sale and protecting himself.

We overrule such contention.

Plaintiff's original petition in which he sought a foreclosure of his vendor's lien was filed on the 31st day of July, 1931. On the 28th day of May, 1934, about four years after the plaintiff's original petition was filed, in which he prayed for a foreclosure of his vendor's lien, appellant James House Bute filed his fourth amended answer in which he alleged "that at the time this Defendant bought said oil and gas lease from said Baden and paid therefor, there existed on said land a lien to secure the Federal Land Bank of Houston, a certain sum of money." It was also disclosed at the time said answer was filed, that the lien of the bank was a prior lien to that declared upon by appellee and that the land had been sold under such prior lien. After such disclosure,

appellee on May 21, 1934, filed his supplemental petition in answer to the answers of V. Baden and James House Bute, in which he abandoned his prayer for foreclosure of his inferior vendor's lien and prayed only for his judgment for his debt against Bute upon his assumption to pay such indebtedness together with interest and attorney's fees as provided in said vendor's notes sued on.

We agree with appellee in his contention as follows:

"A judgment foreclosing a second lien on land, after the land had been sold by a Trustee under a prior deed of trust lien, would be entirely void as to such foreclosure, and no rights could possibly be acquired by a purchaser at a Sheriff's sale under such a decree of foreclosure, since the title to the land had already vested in the purchaser at the sale under the prior deed of trust.

"That a second lien on land and all rights thereunder having been dissipated and lost by virtue of a valid sale by a Trustee under a valid first deed of trust lien, a judgment foreclosing such second lien would have been an idle gesture, and would have created no rights in any of the parties; and a sale under such judgment of foreclosure would convey no title and hence would realize no consideration to be credited upon the judgment for the debt."

The jury found that as a part of the consideration for the execution of the deed to the land from Baden to Bute, Bute promised and agreed with Baden to assume and pay the vendor's lien notes given by Baden to Duson, Jr., sued on.

The notes sued on each provide that in the event said note is placed in the hands of an attorney for collection or if collected by suit the maker agrees to pay 10 per cent. additional on the principal and interest than due thereon as attorney's fees. A copy of the notes was set out in the plaintiff's petition.

By his fourth proposition appellant contends that there was no allegation that appellant Bute assumed and promised to pay the interest and attorney's fees provided for in the notes sued on, therefore, the court erred in rendering judgment against appellant for such interest and attorney's fees.

We overrule such contention. The note as set out in the plaintiff's petition shows the obligations contracted by the maker,

to pay interest and attorney's fees, and when a third person for a valuable consideration assumes to pay the notes, such assumption carried with it an agreement to discharge the obligation contracted by the maker of the notes. James House Bute, the grantee of Baden, is liable for all that is due upon the notes, the payment of which he assumed including interest and attorney's fees expressly provided for in the notes assumed by him. An attorney's fee provided for in a note is a constituent part of the obligation.

In Merrimon v. Parkey, 136 Tenn. 645, 191 S.W. 327, at page 329, column 2, by the Supreme Court of Tennessee, it is said: "If the purchaser of mortgaged premises assumes the mortgage in general terms, 'he becomes liable for all that may be actually due upon it, which may include * * * attorney's fees.' 27 Cyc. 1356, citing Johnson v. Harder, 45 Iowa, 677; and see Hatcher v. Kinkaid, [48 Okl. 163], 150 P. 182."

Appellant called one George Phillips as a witness for the purpose of discrediting the defendant, V. Baden, who took the stand as a witness in his own behalf. The proposed testimony of the witness being objected to by counsel for appellee, the jury was removed and before the court Phillips testified that he received a letter from Baden written in the Hungarian language, which, interpreted into the English language, says: "Well, Mr. Phillips, you come to my office; I want to talk to you; I no see you long time."

Testifying further about the letter he said: "That's all; it is a short letter."

Testifying further, he said that he did not go to Baden's office in response to the letter. That on the next Sunday a lady came to his house in an automobile which she told him belonged to Mr. Baden; that this lady told him that Baden had told him, Phillips, to come to the office, "and you didn't come; you come to the office right now, because he wants to talk to you"; that he went to the office and had a talk with Baden and that Baden said to him: "You go out in the country and you see Mr. Vargas and Mr. Pali; and you tell them they got plenty of work in the country, and if you don't want to Court in Wharton County, you don't have to go; why

he said tell them that the Houston Sheriff has got no authority over the Wharton County court witnesses."

That he went out and saw Pali and Vargas and told them that if they did not want to come to court at Wharton they need not do so. That he told them Mr. Baden asked him to tell them.

After Phillips had testified in the absence of the jury, counsel for appellee asked that it be excluded, insisting that it was immaterial to any issue in the case; that it was not admissible for the further reason that no predicate had been laid for introduction. Counsel for Bute, replying to the objections urged by counsel for appellee, made quite a heated oratorical argument, insisting that the testimony was admissible as bearing upon the credibility of the witness Baden.

The court excluded the testimony objected to, saying: "A very fine argument, gentlemen, but if there is any effort to tamper with witnesses in this case that could be brought before this Court properly on a motion to fine them for contempt, but I can't see that it has any part in this record, and I am going to sustain the objection."

Counsel for appellant now contends that the exclusion of such testimony constituted reversible error.

We are inclined to think the testimony was admissible and that the court erred in excluding it; however, in view of the fact that the finding of the jury that as a part of the consideration for the execution of the deed to the land involved in the suit, from V. Baden to James House Bute, said Bute promised and agreed with Baden to assume and pay the notes given by Baden to Duson, sued on in this cause is, in our opinion, supported by the overwhelming weight and preponderance of the evidence, we conclude that it is not reasonably probable that, had the excluded testimony been admitted, the findings of the jury would have been otherwise than what it was. Having so concluded, we are of opinion that the exclusion of the testimony in question was harmless, and that such exclusion presents no reversible error.

For the reasons pointed out, the judgment is affirmed.

Affirmed.