BARTHOLOMAY BREWING CO. v. HALEY.

(Supreme Court, Appellate Division, Fourth Department. April 10, 1897.)

ABATEMENT OF ACTIONS—FORMER ACTION PENDING.

The pendency of an action by a buyer for breach of the contract of sale is a bar to a subsequent action by the seller for the price of the goods.

Appeal from trial term, Monroe county.

Action by the Bartholomay Brewing Company against Austin Haley. On a trial by the court, a jury having been waived, the complaint was dismissed "on the ground that at the time of the commencement of this action there was pending another action in the supreme court of this state, brought by the defendant against the plaintiff, in which the same issues are involved as in this ac-

tion." From the judgment of dismissal, plaintiff appeals. Affirmed.

The opinion of Mr. Justice Davy at trial term is as follows:

"This action is brought to recover the balance of the purchase price of a quantity of lager beer sold and delivered by the plaintiff to the defendant at various times during the years of 1895 and 1896. The only defense relied upon by the defendant is that at the time of the commencement of this action there was pending another action in the supreme court of this state, brought by the defendant against the plaintiff, in which the same issues are involved as are involved in this action, and therefore that action is a bar to the maintenance of this. The only important question for consideration, therefore, is whether the pendency of the first action is a bar to this action. The rule of law is that the pendency of the former action does not abate a second, unless both actions be for the same cause. It was held in Stowell v. Chamberlin, 60 N. Y. 272, that, to make a judgment in a former action a bar, the circumstances must be such that the plaintiff might have recovered in the first action for the same cause alleged in the second. Dawley v. Brown, 79 N. Y. 397; Marsh v. Masterton, 101 N. Y. 408. The complaint in the first suit sets forth two separate causes of action,—one for damages arising from a breach of warranty in the sale of the lager beer; the other to recover damages which the plaintiff in that action has sustained in his business on account of the sale and delivery of impure and worthless beer, which damage the complainant alleges the brewing company has agreed to pay. If the first suit had been brought to recover damages for a breach of warranty only, I am inclined to think that such an action would not involve the question of payment of the purchase price of the beer for which the second suit is brought to recover. The rule is that, when an action is brought to recover damages for a breach of a warranty, it does not necessarily involve the question of payment of the purchase price. The object of the suit is to recover the difference between the actual value of the articles received on the contract and what their value would have been had they answered the warranty. The object of the suit is entirely foreign to the question of payment, unless the vendor defends on the ground of nonpayment of the purchase price. Parties to an action of this character are at liberty to settle their dispute or controversy in one suit or by cross actions. If the vendee, instead of bringing a cross action, sets up a breach of warranty, the vendor is entitled to recover the purchase price, while the vendee will have awarded to him by way of reduction such damages as he can show he has sustained by a breach of the warranty. In such an action the vendor is entitled to the purchase price, but he is required to make good to the vendee any deficiency in the quality of the articles sold. The vendee, however, is not precluded from bringing an independent action upon the warranty, and, if the only issue in the case is upon the warranty, the court will not consider or determine how much of the purchase price has been paid. Freeman, in his work on Judgments (section 312), lays down the rule that after a recovery of damages by the vendee the vendor may then maintain an action for the whole of the purchase money; that the damage must be estimated the same whether the purchase money has been paid or not. When the vendee recovers his damages in a suit brought for that purpose, he is supposed to be fully compensated for any deficiency in the articles purchased, and to be legally bound afterwards to pay any balance of the purchase price without reduction or controversy. In Gillespie v. Larrance, 25 N. Y. 310, Judge Selden says it has always been optional in the courts of this state, where a party has sustained damages by fraud or breach of warranty in the purchase of goods, when sued for their price, to set off or recoup such damages in that action or reserve his claim in a cross action. It was held in Perry v. Dickerson, 85 N. Y. 345, that a judgment in an action for damages for an alleged wrongful discharge from defendant's employment prior to the expiration of the term of service was not a bar to a subsequent action to recover wages actually earned and due prior to the alleged wrongful discharge, as the two claims constitute separate and distinct causes of action upon which separate actions are maintained. Judge Andrews, who spoke for the court, says: 'It is doubtless true that the plaintiff could have prosecuted in one action the claims for wages and for damages for

wrongful dismissal. But it is not a test of the right of a plaintiff to maintain separate actions that all claims might have been prosecuted in a single action. A plaintiff, having separate demands against a defendant on contract or arising from distinct trespasses or wrongs, is not required to combine them in one action, although in most cases he may do so at his election. He may prosecute them separately, subject to the power of the court, in furtherance of justice and to prevent undue vexation and costs, to order the actions to be consolidated.' The court distinctly held that the claim for wages earned and due prior to the dismissal, and for damages for the wrongful dismissal, constituted two separate and independent causes of action. So, in this action upon the breach of warranty, a new cause of action arose, wholly disconnected in its origin and nature with the claim for the contract price of beer. In Marsh.v. Masterton, 101 N. Y. 408, the court held: 'The principle is well settled that a judgment in a former suit between the same parties is a bar to a subsequent action only when the point or question in issue is the same in both.' One may sue to recover damages for fraudulent representations upon a sale of property, and if he fails to establish the fraud, and is defeated upon that ground, he may subsequently begin an action for breach of warranty based upon the same transactions and the same representations, and recover precisely the same damages. But the difficulty of applying the above rule to this case arises out of the fact that the former suit is based upon two separate causes of action,—one for a breach of warranty, and the other upon an alleged breach of contract. The complaint upon the breach of contract alleges, in substance, that the Bartholomay Brewing Company agreed to compensate the plaintiff for the loss or damage which he had sustained in his business growing out of the sale and delivery of the impure and worthless beer. It seems to me that in such an action the inquiry will naturally arise as to how much has been paid on the contract, because such payment usually constitutes the leading item of damages. The object of such a suit is to recover back the sum, if any, which the plaintiff has paid out upon the contract, the benefit of which he has lost through the nonperformance of the other party. · The issues, therefore, which are raised by the pleadings upon this branch of the contract, must necessarily involve all questions of payment. The question as to the amount of defendant's damages, including payments upon the contract, would be directly in issue in that action, and every material question of fact involved in the issue would be determined by the judgment. I think the rule is well settled that, when an issue is in fact raised by the pleadings and litigated, such determination is conclusive between the parties thereto. It was held in Lorillard v. Clyde, 122 N. Y. 47, 'that a judgment rendered on its merits is co-extensive with the issues upon which it is founded, and is conclusive between the parties thereto, not only as to the matters actually proved, argued, and submitted for decision, but as to every other matter directly at issue by the pleadings which the defeated party might have litigated.' The plea of the former suit in bar must, therefore, for the reasons which I have indicated, be sustained, and judgment may be entered dismissing the complaint, with costs." .

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Satterlee, Yeoman & Taylor, for appellant.
Sullivan & Randall, for respondent.

HARDIN, P. J.   In this action it is alleged in the complaint:

"That heretofore, on or about the 24th day of April, 1895, and at divers times between that date and the 24th day of March, 1896, at the said city of Rochester, N. Y., and upon a term of credit of 30 days (at the expiration of which said term of credit it was understood and agreed that interest should begin to accrue) and at the special instance and request of the defendant, the plaintiff sold and delivered to the defendant certain goods, wares, and merchandise, consisting of beer, invoices of which have been rendered to the defendant by the plaintiff, to the amount and value of $3,243.76, which said amount the defendant then and there agreed to pay, and upon the terms above set forth. Plaintiff further states that no part of said amount has ever been

paid; except the sum of $2,355.18, which has been paid or credited thereon, and there now remains due and owing to the plaintiff the sum of $888.58, together with interest from and after the 1st of January, 1896."

In answer to the complaint containing the language we have quoted, the defendant, among other things, averred as follows:

"For a further defense, this defendant alleges that at the time of the commencement of this action there was an action in the supreme court pending and undetermined between the parties hereto, and the same parties, which defendant brought against the plaintiff for damages for a breach of contract and breach of warranty in the contract for the sale of the beer for the purchase price of which this action is brought, and that plaintiff's alleged cause of action herein should have been alleged as a counterclaim in the prior action brought by the defendant against the plaintiff; and precisely the same issues and questions are involved in that action as are involved in this, and same is pending and undetermined, and defendant pleads the pendency of such action as a bar to the maintenance of this."

Under that branch of the answer, evidence was given on the trial which tended to sustain the allegations thereof, after the plaintiff had introduced "evidence sustaining the allegations of the complaint." The former action was commenced on the 9th of June, 1896; and it was admitted in the course of the trial that the plaintiff in that action is the defendant in this action, and that the defendant in that action is the plaintiff here. This action was begun on June 26, 1896, and the summons, complaint, and answer in the former action were received in evidence in this action. The complaint in the former action, among other things, contained an averment in the following language:

"That on or about the 24th day of April, 1895, plaintiff and defendant entered into an agreement and contract at Norwich, Chenango county, New York, whereby the defendant was to furnish, sell, and deliver to the plaintiff, at Norwich, Chenango county, New York, quantities of lager beer, to be furnished and delivered at divers times, which beer was to be absolutely pure, fresh, merchantable, and thoroughly and properly made and brewed, and fit, suitable, and proper for first-class beverage; and the said defendant warranted and agreed that the said beer should be of such kind and quality that it would be superior in quality to any beer sold or used in Norwich, Chenango county, New York. That at various times between April 24, 1895, and March 24, 1896, the defendant delivered to the plaintiff, at Norwich, Chenango county, New York, certain lager beer, purporting to be in fulfillment of and pursuant to the said agreement, for which the plaintiff paid to the defendant the sum of $2,355.18. That the said beer so delivered by defendant to plaintiff was unmerchantable, impure, of inferior quality to the other beer sold at Norwich, improperly made and brewed, contained impure and unwholesome substances, which rendered said beer absolutely worthless and unfit for use as a beverage." It is also alleged that the purchaser paid $500 for freight, and $2,355.18 "in addition to the said freight charges, making a total sum of $2,855.18." It is further alleged: That the value of said beer so furnished by the defendant to plaintiff was not to exceed the sum of $500, and no more; "and when the said plaintiff objected to some of the said beer, and refused to receive it, defendant told plaintiff to use the same and do the best he could with it, and defendant promised and agreed to pay and allow to plaintiff damages thereon, and damages to plaintiff's business, and to make good all losses to plaintiff and plaintiff's business caused by the poor quality of said beer, and to make proper allowances and deductions from the agreed price of said beer. That, relying on said promises and agreement, plaintiff used some of the said beer, and undertook to use the remainder thereof, and he retained same under said promises and agreement and contract of the defendant." It is averred that the beer received "was substantially worthless, and plaintiff

could not and cannot use same; that much of said beer proved unsalable as first-class, and plaintiff was and will be compelled to sell the same at a large loss and discount; that, by reason of such failure on the part of defendant to perform its said contract, plaintiff could not fill his orders properly, and he thereby lost a large number of his customers, and sustained a great loss to his business and himself; that he lost the profits he would have made, amounting to at least $1,000, and that he lost the balance of said beer and trade and business to the amount of $2,000; that the plaintiff sustained and suffered damages in the sum of $3,000 by reason of the said beer being worthless, impure, poor, unmerchantable, sour, improperly brewed and made, and being of an inferior quality, and by reason of the defendant's failing to perform its said contract and agreement according to the provisions of same; that defendant has refused to make such loss good, or keep or perform its said contract."

The complaint in this action evidently relates to the same agreement, the same subject-matter, set out in the complaint in the first action.

In Lewis v. Maloney, 12 Hun, 207, it was said, viz.:

"Where there are two proceedings pending between the same parties for the same object, the proceedings first commenced are a bar to those commenced afterwards. The principle governing such cases is that, if full relief can be had in the one proceeding or action, no other shall be allowed,"—citing Rogers v. King, 8 Paige, 210; Groshon v. Lyon, 16 Barb. 461; Reich v. Cochran, 151 N. Y. 127, 45 N. E. 367.

In Porter v. Kingsbury, 77 N. Y. 167, it was said:

"The plea of a former suit pending between the parties for the same thing was allowed, to prevent vexatious and oppressive suits; and, if sustained, the second writ abated, and judgment passed for the defendant." It was further said in the course of the opinion in that case "that it must appear of record that the two actions are for the same cause, and that the first writ was pending 'when the second writ was purchased.'"

In Bank v. Leonard, 20 How. Prac. 197, it was said:

"A matter which is necessarily involved in the former suit, and which may be litigated therein, cannot be the subject of a second action. * * * Parties must assert their rights, whether legal or equitable, at the first opportunity."

According to the evidence, the defendant here had joined issue in the former action upon the same agreement that is alleged in the complaint in this action. The foregoing views, as well as those expressed in the opinion of the trial judge, lead to an affirmance.

Judgment affirmed, with costs. All concur.