## Donatelli, Appellant, v. Casciola.

*Equity—Jurisdiction—Ejectment.*

Where a verdict has been rendered for the plaintiff in an ejectment the defendant cannot, pending a rule for a new trial in the ejectment, maintain a bill in equity against the plaintiff involving the same question as is involved in the ejectment.

Argued March 6, 1906.    Appeal, No. 35, Jan. T., 1906, by plaintiff, from decree of C. P. Northampton Co., Sept. T., 1905,

No. 2, dismissing bill in equity in case of Donato Donatelli and Filippo Giacomo Donatelli v. Filippo Casciola et al. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, and ELKIN, JJ. Affirmed.

Bill in equity to enforce a resulting trust.
The opinion of the Supreme Court states the case.
The court in an opinion by SCOTT, J., dismissed the bill.

*Error assigned* was decree dismissing the bill.

*F. W. Edgar,* with him *Parke H. Davis,* for appellant.

*Russell C. Stewart,* with him *George F. P. Young,* for appellee.

OPINION BY MR. JUSTICE BROWN, April 16, 1906 :

But for the pendency at the time this bill was filed of the action of ejectment between these parties for the same premises, the decree below would have to be reversed, for we can concur neither in the finding of fact by the learned court that the presumption of a gift of the property by Filippo Casciola to his wife had not been overcome, nor in the conclusion that she did not hold the title as trustee for him. In that action a verdict was directed for the plaintiff, Maria Donata Casciola. A rule was awarded to show cause why a new trial should not be granted, which, pending final decree in this proceeding, has been held in abeyance by the court below.

In the action of ejectment the fundamental question involved in this proceeding was raised, or ought to have been raised, and if the appellants, who are the defendants in that action, produced the same testimony that they offered here, the jury ought to have been instructed that, if they believed it, the plaintiff could not recover, for she held title to the property, not for herself, but as trustee for her husband, and by her deed of September 17, 1898, passed a good title to the appellants. The decree of the court below, dismissing the bill, is affirmed, at appellants' costs, but without prejudice to any of their rights in the pending action of ejectment.