In this memorandum I have confined myself to the particular facts brought before me on this hearing. Whether or not the showing of some kind of moving pictures would constitute a violation of the statute is not before me. The showing of the pictures which figure in this proceeding clearly does not constitute a crime. The writ is sustained, and the prisoner discharged from custody.

Writ sustained, and prisoner discharged.

---

(125 App. Div. 649.)

DE·LA VERGNE MACH. CO. v. NEW YORK & BROOKLYN BREWING CO. et al.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

1.. ACTION—STAY—OTHER ACTION PENDING.

Plaintiff sued to foreclose a mechanic's lien on defendant's land for work and materials furnished under a written contract for the erection of an ice-making plant. Previously an action was begun by defendant against plaintiff for damages for a breach of the contract, in which action issue was first joined. Defendant, as plaintiff in the action for breach of contract, pleaded the same matter it alleged in defense to the suit on the lien. *Held*, that the lower court had discretion to put off the trial of the suit on the lien until after the trial of the action for breach of contract, and that it was entirely orderly so to do, because, if defendant should prevail in its action for breach of contract, the judgment rendered would be res judicata of the lien action, the issue of performance being common and controlling in each action, and, further, because the action for breach of contract, being a common-law action, secures a trial by jury of the controlling issue of fact of each action, and it makes no difference that in the lien action there was another defendant, brought in merely to have the judgment of foreclosure made prior to a mortgage held by such defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, § 744.]

2. SAME.

There is no technical rule that the issues and parties must be identical in all respects in each, in order that the trial of one action may be stayed until after the trial of the other; but the law looks to the substance of things, and, if the issue in the action first brought is such that, if the plaintiff prevails, the judgment will require a dismissal of the other, it is orderly to try the first action first.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, § 744.]

3. SAME.

The rule in respect of postponing a cause until the trial of another is one of convenience and order in practice, and not always one of strict right, as in pleas of former adjudication.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, § 744.]

Appeal from Special Term, Kings County.

Action by the De La Vergne Machine Company against the New York & Brooklyn Brewing Company and another. From an order staying the trial until after the trial of another case between the parties, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

F. D. S. Bethune, for appellant.
Thaddeus D. Kenneson, for respondent.

GAYNOR, J.  This is an action to foreclose the plaintiff's mechanic's lien on the defendant's land for work done and material furnished under a written contract between the parties for the erection of an ice-making plant on the defendant's land by the plaintiff for $8,500, of which $2,000 was paid.  Before this action was begun this defendant brought an action against this plaintiff for damages for the breach of the said contract in the sum of $20,000, and issue was joined in it first.  In each action the defendant alleges in defense the same matter which it pleads in the other as plaintiff.  The court below had the discretion and the right in managing its calendars and regulating its order of business to put off or stay the trial of the second action —the one now here—until the first should be tried, and it was entirely orderly to do so, for if this defendant should prevail in his said action for damages against this plaintiff for failure to fulfill its contract, then this plaintiff could not recover in its action to foreclose its lien, the issue of performance being common and controlling to each action.  The judgment would be res adjudicata of the lien action.  It is a fact that there is an additional party to this action, but only because the plaintiff seeks to have its judgment of foreclosure made prior to a mortgage held by such defendant on the property.  But that question is only incidental and will never be reached if judgment goes against this plaintiff in the said first action.

There is no narrow technical rule that the issues and parties must be identical in all respects in each in order that the trial of one action may be stayed or postponed until after the trial of the other.  The law looks to the substance of things, and if, as here, the issue in the action first brought is such that if the plaintiff prevails the judgment will require a dismissal of the other, it is orderly to try the first action first.  An additional reason why the first one here should have precedence is that it is a common-law action and therefore secures a trial by jury of the controlling issue of fact of each action.  The rule in respect of postponing a cause until after the trial of another is one of convenience and order in practice (Post v. Banks, 67 App. Div. 187, 73 N. Y. Supp. 596), and not always one of strict right as is the case in pleas of former adjudication, and therefore the cases cited on this latter head while they may be instructive by analogy are not controlling.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements.  All concur.