(December 29, 1922.)

# THE COLORADO NATIONAL BANK OF DENVER, a Corporation, Respondent, v. THE MEADOW CREEK LIVESTOCK COMPANY, a Copartnership Consisting of B. C. MECHAM and H. L. THOMAS, Appellants.

[211 Pac. 1076.]

PLEADING AND PRACTICE—SPECIAL DEMURRER, PLEA OF ANOTHER ACTION PENDING — COUNTERCLAIM — CROSS-ACTION — BILLS AND NOTES — HOLDER IN DUE COURSE—FINDINGS ON IMMATERIAL ISSUES UNNECESSARY—RECEIVER—ATTORNEY FEES.

1.   Where it does not appear upon the face of the complaint that another cause of action was pending between the same parties on the same subject matter, a demurrer on that ground should be overruled.

2.   Under C. S., secs. 6692 and 6693, an objection that there is another action pending between the same parties for the same cause must be taken by demurrer or answer; otherwise, the objection is deemed to be waived. A motion to dismiss the complaint on that ground, supported by affidavits, is properly denied.

3.   A plea in abatement upon the ground that another action was pending between the same parties for the same cause was properly stricken from the answer, where it appears upon the face thereof that the former action is not one between the same parties.

4.   C. S., sec. 6696, which requires a defendant to set up his counterclaim arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action, in default of which neither he nor his assignee can afterward maintain an action against the plaintiff therefor, refers only to such counterclaims as exist in favor of all defendants and against all the plaintiffs in the action. This section has no reference to cross-actions.

5.   C. S., sec. 6699, which provides that when a defendant seeks affirmative relief against any party, relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint, is permissive and not mandatory.

6.   The issue formed by the pleading as to whether the plaintiff is a holder of a promissory note in due course is immaterial,

where the answer fails to allege any equities or defenses existing in favor of the makers thereof.

7. The law does not require a demand for possession of property covered by a chattel mortgage as a condition to the right of foreclosure by action in a proper court. C. S., sec. 6380, relates only to summary foreclosure of chattel mortgages by notice and sale.

8. In the absence of a binding contract, a mortgagee of personal property is not bound to purchase the same, nor is he bound to consent to the sale thereof by the mortgagor to a third party.

9. A mortgagee of personal property is not required to accept possession thereof unless bound by contract so to do, or unless his failure so to do would prove to be fraudulent.

10. Where a receiver is appointed to take charge of the property covered by the mortgage, in an action for the foreclosure thereof the property is chargeable with the necessary expense incurred in its preservation and care.

11. In an action for the foreclosure of a mortgage, which provides for reasonable counsel fees, if suit be instituted, an allegation in the complaint, setting out such provision of the mortgage and stating that the sum prayed for is a reasonable amount to be allowed for attorney's fees in the action, is sufficient to support a judgment therefor when supported by proof that the mortgagee has agreed to pay his counsel a stipulated or a reasonable fee for his services and that the sum allowed is a reasonable fee in such an action.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robt. M. Terrell, Judge.

Action for foreclosure of chattel mortgage. Judgment for plaintiff. *Affirmed.*

Hart & Rich, for Appellants.

Another action is pending when a prior action has been filed which is between the same parties and involves the same subject matter as the present action, and if the defendant in the first action has a claim against the plaintiff in the first action it is the duty of the said defendant to set it up by way of cross-complaint or counterclaim. (*Stevens v. Home Savings & Loan Assn.*, 5 Ida. 741, 51 Pac. 779; *Murphy v. Russell & Co.*, 8 Ida. 151, 67 Pac. 427.)

The fact that other parties were joined as parties defendant in the first action is entirely immaterial, as a cross-complaint need relate only to the subject matter of the action, and need not be against all or any of the original parties. (*Hunter v. Porter,* 10 Ida. 72, 86, 77 Pac. 434; 1 Standard Proc. 1015; Sutherland, Code Practice & Pleadings, sec. 655.)

Where it is not alleged in the complaint that the plaintiff has engaged an attorney and agreed to pay him the amount of the fee claimed in the complaint, no attorney's fee should be allowed.

It is incumbent upon the respondent to allege and prove that it has agreed to pay the fee, sought to be recovered, to the attorney. (*Broadbent v. Brumback,* 2 Ida. 366, 16 Pac. 555; *Warren v. Stoddart,* 6 Ida. 692, 59 Pac. 540; *Jones v. Stoddart,* 8 Ida. 210, 67 Pac. 650; *Porter v. Title Guaranty & Security Co.,* 17 Ida. 364, 106 Pac. 299, 27 L. R. A., N. S., 111.)

J. M. Stevens, for Respondent.

In order that an action may be abated by reason of another action pending, the two actions must be identical as to parties, issues and as to the relief sought. (*Watson v. Jones,* 13 Wall. 715, 20 L. ed. 671; *Gates v. Gorham,* 5 Vt. 317, 26 Am. Dec. 303; *Colburn v. Dortic,* 49 Colo. 90, 111 Pac. 837; *Reis v. Applebaum,* 110 Mich. 506, 136 N. W. 393; *Monroe v. Reid,* 46 Neb. 316, 64 N. W. 983; *Richardson v. Opelt,* 60 Neb. 180, 82 N. W. 377; *Owens v. Loomis,* 19 Hun (N. Y.), 606; *Gardner v. Clark,* 21 N. Y. 499; *Geery v. Webster,* 11 Hun. (N. Y.), 428; *Prosser v. Chapman,* 29 Conn. 515; *Ashton v. Heggerty,* 130 Cal. 516, 62 Pac. 934; 1 C. J. 80.)

The fact of another action pending not appearing on the face of the complaint, it could only be presented by answer. (*Stevens v. Home Savings & Loan Assn.,* 5 Ida. 741, 51 Pac. 779; *Vance v. Heath,* 42 Utah, 148, 129 Pac. 365.)

"The pendency of another action should be set up by demurrer or answer rather than by motion and affidavits."

(*State ex rel. Puget Sound Nat. Bank etc. v. Superior Court,* 14 Wash. 686, 45 Pac. 670.)

It is not necessary to allege the attorney's fee in the complaint. (*Broadbent v. Brumback,* 2 Ida. 366, 16 Pac. 555; *Warren v. Stoddart,* 6 Ida. 692, 59 Pac. 540; *Jones v. Stoddart,* 8 Ida. 210, 67 Pac. 650; *Porter v. Title Guaranty & Security Co.,* 17 Ida. 364, 106 Pac. 299, 27 L. R. A., N. S., 111.)

"When it becomes the duty of a court of equity to take property under its own charge, through a receiver, the property becomes chargeable with the necessary expenses incurred in taking care of and saving it." (34 Cyc. 350; *Dalliba v. Winschell,* 11 Ida. 364, 114 Am. St. 267, 82 Pac. 107.)

RICE, C. J.—This was an action by respondent for the foreclosure of a chattel mortgage upon certain cattle.

Appellants demurred to the complaint generally and specially upon the ground that there was another action pending between the same parties for the same cause. The complaint stated a cause of action, and it nowhere appeared upon the face thereof that another action was pending involving the same subject matter or between the same parties. The demurrer was properly overruled. (*Stevens v. Home Building Loan Assn.,* 5 Ida. 741, at page 751, 51 Pac. 779.)

Appellants thereupon moved to dismiss the complaint upon the ground that another cause of action was pending between the same parties involving the same cause, supporting the motion by affidavits. The motion was properly denied. Under C. S., secs. 6692 and 6693, an objection that there is another action pending between the same parties for the same cause must be taken by demurrer or answer; otherwise, the objection is deemed to be waived. (See *Vance v. Heath,* 42 Utah, 148, 129 Pac. 365.)

Appellants answered, making certain denials, and by way of affirmative defense attempted to plead that another action was pending between the same parties for the same

cause.   The affirmative defense was by the court, on motion, stricken from the answer.   In this the court did not err.

It appeared from the affirmative answer that the former action was not between the same parties.   The parties plaintiff were the same as the defendants herein, but the parties defendant included four others besides this respondent.   The complaint filed in the former action was annexed to the affirmative answer and made a part thereof. It undertook to state a cause of action for damages growing out of an alleged breach of a contract in connection with which the notes involved in the present action were given. It concluded with a prayer, among other things, that the notes be delivered up for cancelation, but it did not state a cause of action for the rescission of the contract, or facts sufficient to justify a cancelation of the notes.   The cause of action in the former case was not the same as that set out in the case at bar.   However, appellants claim that the cause at bar arises out of the same subject matter as that involved in the former action, and that if the respondent in this action had a claim against appellants it was its duty to set it up in that action by way of cross-complaint. or counterclaim.

They rely on C. S., sec. 6696, which provides: "If the defendant omit to set up a counterclaim in the cases mentioned in the first subdivision of the last section, neither he nor his assignee can afterwards maintain an action against the plaintiff therefor."

In the case of *Stevens v. Home Building Loan Assn., supra,* on rehearing, it is said: "But a cause of action in favor of the defendants against one only of the plaintiffs, or in favor of one only of several defendants, cannot be set up by way of counterclaim."

It is evident that the cause of action in this case does not come within the purview of the last quoted section. Moreover, C. S., sec. 6696, relates only to counterclaims and has no reference to cross-actions.

C. S., sec. 6699, provides: "Whenever the defendant seeks affirmative relief against any party, relating to or depend-

ing upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint. . . . . ''

This section of the statute is permissive and not mandatory. It cannot be doubted that an action for foreclosure of a chattel mortgage is one in which the plaintiff seeks affirmative relief, and if pleaded in the former action would have to be set up by way of cross-complaint, rather than counterclaim.

The answer upon which the case was tried raised but three issues:

(1) That respondent was not the holder in due course of the notes secured by the mortgage.

(2) That the sum prayed for as attorney's fees, or any other sum, is a reasonable attorney fee.

(3) That any demand was made for delivery of the personal property prior to the bringing of the action.

The fifth specification of error is to the effect that the court erred ''in refusing to allow attorneys for appellants to inquire more particularly into the circumstances under which the respondent received the notes, and as to what the relation was between the respondent and the Western Livestock Commission Company, the indorser of said notes.''

We think the action of the court would have been erroneous if the issue had been material. (*First Nat. Bank v. Hall*, 31 Ida. 167, 169 Pac. 936.) But the question as to whether or not respondent was a holder in due course was wholly immaterial, by reason of the fact that there was no plea of any equities or defenses existing in favor of appellants. It was only necessary for respondent to show that it was holder of the notes in question. (*Craig v. Palo Alto Stock Farm*, 16 Ida. 701, 102 Pac. 393.)

It is also claimed that the court erred in finding that due or proper demand, or any demand, was made for possession of the cattle in question before commencement of the present action. Such a finding is wholly immaterial. C. S.,

sec. 6380, whatever view may be taken as to its effect, relates only to summary foreclosures by notice and sale. We are not aware of any statute which requires a demand for possession of the property as a condition to the right of foreclosure by action in a proper court.

At the trial, appellants were permitted to file a supplemental answer, in which they set up that subsequent to the filing of their previous answer they had sent to respondent the following telegram: ''Can't keep cattle longer. Will either have to turn cattle to you at contract price, or sell at market value''; that respondent replied by telegram as follows: ''Answering your wire of the 23d, we beg to state that we own and hold your notes, secured by chattel mortgage, and shall take such steps as are necessary to protect our interest. If you have done or shall do anything to jeopardize our security it was done or will be done at your peril''; that at the time respondent sent the telegram the cattle were reasonably worth $55 per head; that by holding them an expense of $20 per head was incurred in caring for them; that the cattle were sold by the receiver at the rate of $45 per head; that by reason thereof, a loss of approximately $25 per head was sustained through no fault of appellants, and praying that if a judgment be rendered in favor of respondent that appellants be given credit for the loss so sustained.

The court made no findings upon the issue sought to be raised by the supplemental answer, and error is assigned on that account. The court committed no error in this respect. The supplemental answer tendered no material issue. The telegram sent by appellants perhaps amounted to an offer to deliver possession of the cattle to respondent ''at contract price.'' But nowhere in the pleadings does it appear that respondent was bound by any contract to receive the cattle at any price. We know of no principle of law which requires a mortgagee, in the absence of a binding contract, to purchase the mortgaged property at the market price or at all, nor is he bound to consent to the sale of the mortgaged property by the mortgagor to a third party.

If appellants offered to deliver possession of the cattle to respondent, unconditionally, as their counsel seem to think they did, respondent was not obliged to accept them unless bound by a contract so to do, or unless equity might require such action to be taken to prevent fraud. Generally a mortgagee cannot be compelled to pursue any remedies other than those provided by law.

The court did not err in the appointment of a receiver. The appointment was authorized by C. S., sec. 6817, subdivision 2, which provides for the appointment of a receiver, "In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt." Neither does it appear that the court erred in allowing the accounts of the receiver. The property was chargeable with the necessary expense incurred in its preservation and care. (34 Cyc. 350; *Dalliba v. Wincshell,* 11 Ida. 364, 114 Am. St. 267, 82 Pac. 107.)

The only question remaining is as to the authority of the court to enter judgment for attorney fees in this case. The allegation of the complaint with reference to attorney fees is as follows: "That said notes and each of them provide, and said chattel mortgage provides for the payment of reasonable counsel fees if suit be instituted for the collection of said note, and plaintiff alleges that the sum of $3,000 is a reasonable sum for attorney's fees and for services in and about the foreclosure of said mortgage and the collection of the amounts due on said notes and mortgage."

We think it is better practice in an action for the foreclosure of a mortgage, which provides for the payment of attorney fees in case of foreclosure, to allege the reasonableness of the fee claimed and the fact that the holder of the mortgage has paid or obligated himself to pay the same. However, in view of the decisions of this court it must be

held that the foregoing allegation of the complaint is sufficient to support a judgment for attorney fees.

In the case of *Broadbent v. Brumback*, 2 Ida. 366, 16 Pac. 555, it is said: "It may be observed that the theory upon which stipulations in mortgages are sustained is that they provide for expenses incurred by the plaintiff in foreclosure for the services of an attorney. If there is no attorney such expense is not incurred. If there is an attorney, the plaintiff's expense is limited to the amount paid therefor, provided it is reasonable. If this is correct, it follows that the fact of payment or assumed liability is simply one element in the proof which is offered to establish the reasonableness of the allowance for the fee sought to be recovered. It is evidence offered to establish a substantive fact, and as such need not be set out in the pleadings."

The foregoing appears to have been accepted as authoritative in subsequent Idaho decisions. (*Warren v. Stoddart*, 6 Ida. 692, 59 Pac. 540; *Jones v. Stoddart*, 8 Ida. 210, 67 Pac. 650; *Porter v. Title Guaranty & Surety Co.*, 17 Ida. 364, 106 Pac. 299, 27 L. R. A., N. S., 111; *Lewis v. Sutton*, 21 Ida. 541, 122 Pac. 911.)

Thus in *Porter v. Title Guaranty & Surety Co., supra,* it is said: "To justify the court, then, in allowing attorney's fees upon the foreclosure of a mortgage, where the mortgage contains a stipulation that attorney's fees may be allowed on foreclosure of such mortgage, the plaintiff must also prove that he has agreed to pay his counsel a stipulated or a reasonable fee for his services, and the reasonableness of the fee agreed upon or what is a reasonable fee in such an action."

In the case at bar, respondent offered evidence as to the reasonableness of the fee claimed, and also that respondent had agreed to pay his counsel a reasonable fee.

Judgment is affirmed, with costs to respondent.

McCarthy and Dunn, JJ., concur.