[No. 18233.  Department Two.  January 28, 1924.]

CORA B. CRANDALL *et al.*, *Appellants*, v. CARRIE L. ITEN *et al.*, *Respondents.*[1]

ABATEMENT AND REVIVAL (4, 5)—ANOTHER ACTION PENDING—IDENTITY OF PARTIES AND ISSUES—NECESSITY OF CROSS-COMPLAINT.  A vendor's action to foreclose a mortgage given as part of the purchase price on a trade may be pleaded in abatement of a subsequent action by the mortgagor to rescind the purchase and mortgage on the ground of fraudulent representations by the vendor inducing him to make the purchase and mortgage; since the defense of fraud was available on cross-complaint in the former action.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered February 26, 1923, dismissing an action for rescission, upon sustaining a demurrer to the complaint.  Affirmed.

*Joseph Smith, Oliver Anderson (Clarence Coleman, of counsel), for appellants.*

*Louis A. Merrick, for respondents.*

BRIDGES, J.—Since a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and that there is another action pending between the same parties concerning the same subject-matter, was sustained and the action dismissed, the only question before us is the sufficiency of the complaint.  It alleged that, on a day named, the plaintiffs were the owners of certain described real estate, located in Snohomish county, Washington, and the defendants were the owners of certain other real estate, located in Klickitat county, Washington; that, pursuant to an oral agreement which the parties had reached after negotiations, the plaintiffs deeded their land to the defendants, and the latter deeded the Klickitat land to the plaintiffs; and that, as an addi-

[1]Reported in 222 Pac. 894.

tional consideration and as a part of the same transaction, the plaintiffs gave to the defendants their promissory note for $1,700 and secured it by mortgage upon the lands, the title to which they had received. It is further alleged that the plaintiffs were induced to make the exchange of lands, and execute and deliver the note and mortgage, by misrepresentations made by the defendants to them concerning the Klickitat lands, upon which representations they relied.

It is further alleged that, prior to the commencement of this action, the defendants had instituted a suit in the superior court of Klickitat county against the plaintiffs, seeking to recover a judgment on the promissory note above mentioned and to foreclose the mortgage given to secure it. The prayer was the usual one in rescission cases. The court sustained a demurrer on the ground that it appears from the complaint that,

". . . another action is pending between the same parties, and that said action being one to foreclose a real estate mortgage set forth in plaintiffs' third amended complaint, and that therefore this action cannot be maintained."

The appellants in their brief state that,

"The question presented by this appeal is whether respondents' prior action to foreclose the mortgage abates appellants' present action to rescind the contract because of respondents' fraud and to recover the property they had parted with thereunder."

They argue that the court erred in sustaining the demurrer; first, because the parties plaintiff in each of the cases were not the same; and, second, because the subject-matter of the second suit is not necessarily the same as that involved in the first suit, and that appellants were not required to appear in the first action

and there, by cross-complaint, obtain the recission relief they are seeking in this action.

It must be admitted that a great many textbooks and decisions teach that there can be no abatement of a present action because of a prior one unless the plaintiffs in each action are the same; and that, if the plaintiff in the second action is the defendant in the first, the plea in abatement will not be sustained. A few of the cases and authorities supporting this view are: 1 C. J. 76 *et seq.*; 1 Ency. P. & P. 758 and notes; *Wood v. Lake,* 13 Wis. 94; *Smith v. Smith,* 134 Cal. 117, 66 Pac. 81; *Blume v. Case Threshing Machine Co.,* 225 S. W. (Tex. Civ. App.) 831; *McCoy v. Bankers' Trust Co.,* 200 S. W. (Tex. Civ. App.) 1138; *Pollock v. Kinman,* 176 Ill. App. 361; *Secor v. Siver,* 165 Iowa 673, 146 N. W. 845. Indeed, probably the weight of authority sustains the view above mentioned.

Whatever may be the reason for the rule as above stated, it ought not to be applicable to a case of this character. Misrepresentation is the basis of this, and the only defense in that action. The proof which would defeat recovery on the note in that action would sustain a recovery in this one. The accepted rule is that the parties must be the same in the one suit as in the other, but that ought not to require that the same party must be either plaintiff or defendant in each case. The parties to the action are bound by any judgment of the court, whether they be plaintiffs or defendants. Where the parties are bound by the judgment the rule is satisfied. *Troy Fertilizer Co. v. Prestwood,* 116 Ala. 119, 22 South. 262; *De La Vergne Machine Co. v. New York & Brooklyn Brewing Co.,* 125 App. Div. 649, 110 N. Y. Supp. 24; *Donatelli v. Casciole,* 215 Pa. St. 21, 64 Atl. 319; *Moore-Mansfield Const. Co. v. Indianapolis N. & T. R. Co.,* 179 Ind. 356,

101 N. E. 296, Ann. Cas. 1915D 917, 44 L. R. A. (N. S.) 816.

While this exact question has not been discussed in any of our decisions, yet the same state of facts has been before us. In *Seattle National Bank v. School District No. 40*, 20 Wash. 368, 55 Pac. 317, we held that a complaint in an action to recover on school warrants does not state a cause of action when it appears therefrom that the validity of the warrants had been determined in a suit where the present plaintiff was a defendant, even though the judgment was upon the unintentional default of the defendant in the prior action.

In the case of *Tacoma v. Commercial Elec. L. & P. Co.*, 15 Wash. 515, 46 Pac. 1043, we held that, where an electric light company has secured a restraining order prohibiting the city from interfering with it while stringing its wires, a subsequent action by the city seeking to restrain the company from replacing its wires involved identical facts and is subject to a plea in abatement.

In *Olson v. Title Trust Co.*, 58 Wash. 599, 109 Pac. 49, we held that a judgment in an action by a vendor to cancel a land contract and forfeit the purchase money paid, in which the defense was presented that the contract was procured by fraud, is *res judicata* and a bar to a subsequent action brought by the vendee against the vendor to recover the purchase money, since the issue of plaintiff's right to recission for fraud was, or might have been, litigated in the former action.

It will be observed that, in each of these cases, the defendant in the prior action was the plaintiff in the subsequent one. To hold in a case of this character that there can be no abatement because the plaintiff here was a defendant in the prior action would be to

sacrifice substance to form and violate the reason for the rule of abatement, which is, to avoid a multiplicity of suits.

Nor can we agree with the contention of the appellants to the effect that they are not bound to plead and try their right to rescission in the prior action. It is quite true that many of the courts have held that, in order for there to be ground for abatement, not only must the cause of action and the parties be the same in the two suits, but that a defendant in the first suit is not called upon to plead affirmative matter or to cross-complain to obtain his claimed rights and those to which he would be entitled in an independent suit. The reasons given by the courts are varied. Probably the best is found in the case of *Business Men's Oil Co. v. Priddy,* 250 S. W. (Tex. App.) 156, where it is said:

"It is true that a party who is sued may file a cross-action in such suit and secure any relief he may be entitled to in law or equity, but that fact does not in itself compel him to present such cause of action in that particular suit. 1 R. C. L. last part of section 5, p. 15. Such party has the right to insist upon the exercise of his election of his forum for trial, and this privilege should not be taken from him unless it is clear that the law requires that he surrender that right and litigate his cause of action in a forum chosen by his adversary."

A few of the many authorities laying down this general rule are these: *Opolinsky v. Lewitus,* 194 N. Y. Supp. 859; *Colorado National Bank of Denver v. Meadow Creek Livestock Co.,* 36 Idaho 509, 211 Pac. 1076; *Kaplan v. Coleman,* 180 Ala. 267, 60 South. 885; 1 C. J. 74.

While many cases lay down the rule that one is not bound to cross-complain and obtain his rights in the action in which he is defendant, yet it has its ex-

ceptions. It is applicable only where the relief which the defendant may obtain by cross-complaint is not a part of the subject-matter of the suit, but is independent thereof. Where, however, the affirmative relief to which a defendant is entitled is a part and parcel of the cause of action, and the proof which would defeat the plaintiff would entitle the defendant to his affirmative relief, the latter must obtain it in that action and may not bring a separate suit therefor. The exception to the general rule is noted in *Diamond Ice & Storage Co. v. Klock Produce Co.,* 110 Wash. 683, 189 Pac. 257, where we quoted approvingly from *Deaver v. Trahey,* 98 Wash. 63, 167 Pac. 68, as follows:

"It seems settled by the great weight of authority, in the absence of statute, that a defendant, having a cause of action against a plaintiff wholly independent of the claim and relief sought by the plaintiff in the particular action, is not bound to set up such independent cause of action as a defense in the action, even though his cause of action is such that he may be permitted to do so, but may bring an independent action to enforce his claim without being subject to the plea of another action pending or of *res judicata* as a defense thereto."

In the case of *Cromwell v. County of Sac.,* 94 U. S. 351, 24 L. Ed. 195, the supreme court of the United States said:

". . . it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter

which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus for example; a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defense actually existed, of which no proof was offered, such as forgery, want of consideration or payment. . . . The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy.''

Some of the cases holding that one must, under facts similar to those here, by cross-complaint or otherwise, in an action where he is a defendant, obtain all the relief which is incidental to the subject-matter involved and that he may not thereafter institute an independent action and there try out facts which could and should have been tried in the former suit, are: *Bartholomay Brewing Co. v. Haley,* 16 App. Div. 485, 44 N. Y. Supp. 915; *Lewis v. Maloney,* 12 Hun (N. Y.) 207; *Auburn City Bank v. Leonard,* 20 How. Prac. (N. Y.) 197; *Kline v. Freret,* 5 La. Ann. 494; *Moore-Mansfield Const. Co. v. Indianapolis N. & T. R. Co., supra; Greenwood Drug Co. v. Bromonia Co.,* 81 S. C. 516, 62 S. E. 840; *Standefer v. Aultman & Taylor Mach. Co.,* 34 Tex. C. A. 160, 78 S. W. 552; *Tudor v. Kennett,* 87 Vt. 99, 88 Atl. 520.

The doctrine of *res judicata* is closely analogous to that of abatement of actions because of a prior pending suit. It is quite universally held that, in actions between the same parties, a judgment therein is *res judicata* as to all points in issue and as to all points which might properly have been raised and adjudicated

therein. This court has so held in a great many cases, some of which are: *Olson v. Title Trust Co., supra; Perlus v. Silver,* 71 Wash. 338, 128 Pac. 661; *Tacoma v. Commercial Elec. L. & P. Co., supra; Sayward v. Thayer,* 9 Wash. 22, 36 Pac. 966, 38 Pac. 137; *Woodland v. First National Bank,* 124 Wash. 360, 214 Pac. 630. In the case last cited, we approved the announcement in *Sayward v. Thayer, supra,* to the effect that:

" 'The general doctrine is that the plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject in litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.' "

Many of the authorities hold that the true test of whether an action abates because of a prior suit depends on whether a judgment in the prior case would be *res judicata* to the subsequent one. 1 C. J. 66. Let us apply that test to this situation. Suppose that, in the first action, the defendant, who is the plaintiff here, pleads and successfully proves the very fraud he alleges in his complaint; under such circumstances he must defeat recovery by the plaintiff in that action, and certainly the judgment there could be pleaded as *res judicata* here, because the very question determined there, to wit, fraud, would be the only question involved here.

Another test very generally applied in cases of abatement is whether the evidence in the prior case must be the same as that in the second one; if so, the second suit must abate. 1 C. J. 66. Under this test, this action must abate because the same proof of fraud which would defeat that action would win this one.

Suppose both of these actions went to trial; the court trying the first one may adjudge that there was

no fraud; and the court trying this one may determine that the fraud vitiates the whole transaction. Such a condition of affairs will not be tolerated by the law if, as here, it may be avoided.

Again, suppose that, in the prior action, the court find that there was no fraud and forecloses the mortgage and orders the property sold; the plaintiffs ought not to be permitted to maintain this suit for rescission because under those circumstances, they could not be put in *statu quo* nor could they put the defendants in *statu quo*.

The only matter involved in both of these actions is fraud. The subject-matter of each is the same; identically the same evidence on which the plaintiffs here must rely would defeat the action in which they are defendants. The plaintiffs' right to rescission as pleaded in this action is necessarily a part of their matter of defense in the prior action; the relief sought here is not independent of the subject-matter of the first action.

A case directly in point is *Greenwood Drug Co. v. Bromonia Co., supra*. There the Bromonia company, in a prior action, had recovered judgment against the Greenwood company for the purchase price of certain drugs. Later, the defendant in that action (Greenwood company) brought an action against the Bromonia company for fraud and misrepresentations inducing it to purchase the drugs, and sought rescission and recovery of the amount paid. The court held that the judgment in the first case was *res judicata* of the second, and that the plaintiff in the second case was bound, as defendant in the first case, to there seek his relief in rescission. The court said:

"It is apparent that the second action substantially involves the issues actually and impliedly involved in the first action, and it is of no consequence that the

form of the second action was in tort, while the first action was in contract."

In the case of *Moore-Mansfield Const. Co. v. Indianapolis N. & T. R. Co., supra,* it was held that, where, after the appointment of a receiver for the property of the railroad company, the court making the appointment authorized the bringing of a suit to foreclose mechanics' liens against the company, the pendency of such suit is ground for abating a subsequent action brought by the mortgage trustees, who were parties to the first action, to foreclose their mortgage, because they could secure all the relief in the first action obtainable in the second. See, also, *Troy Fertilizer Co. v. Prestwood; De La Vergne Machine Co. v. New York & Brooklyn Brewing Co.,* and *Donatelli v. Casciole, supra.*

There is no good reason why the plaintiffs here should not, in the prior action, obtain the very relief sought here. To hold otherwise would be to duplicate actions and to offer the same proof in each.

Whether the appellant here could maintain a separate action to recover damages because of the alleged fraud (permitting the transaction to stand), we do not decide. This is a suit for rescission and not one for damages.

The subject-matter here being the same, the parties being the same and the necessary proof being the same in both actions, we hold that this suit must abate. Judgment affirmed.

MAIN, C. J., FULLERTON, MITCHELL, and PEMBERTON, JJ., concur.