**C. H. ELLE CONSTRUCTION CO., a corporation and St. Paul-Mercury Indemnity Co., a corporation, Appellants,**

v.

**WESTERN CASUALTY AND SURETY COMPANY, a corporation, Appellee.**

No. 15932.

United States Court of Appeals
Ninth Circuit.

Dec. 2, 1958.

Rehearing Denied Jan. 5, 1959.

534

Merrill & Merrill, A. L. Merrill, R. D. Merrill, W. F. Merrill, Pocatello, Idaho, for appellants.

O. R. Baum, Ruby Y. Brown, Pocatello, Idaho, Ben Peterson, Boise, Idaho, for appellee.

Before HEALY, ORR and POPE, Circuit Judges.

ORR, Circuit Judge.

Appellant St. Paul-Mecury Indemnity Co., an insurer of appellant Elle Construction Co., paid a judgment rendered against said company by an Idaho State Court. In the instant action St. Paul-Mercury is attempting to recover from Western Casualty and Security Co., hereafter Western, the amount it paid on the judgment.

The factual background follows. A Mr. Horsley, an employee of Elle Construction Co., while driving a truck belonging to a Mr. Gogan, and then and there being on Elle Construction Co. business collided with a vehicle driven by a Mr. Campbell who died as a result of injuries received in said collision. Campbell's widow and children sued Elle Construction Co., Horsley and Gogan and secured a judgment against Elle Construction Co. and Horsley. Gogan was exonerated on the basis of a finding by the jury that he had not given Horsley permission to drive the truck within the meaning of an Idaho Statute imputing negligence to the owner of a car when it is being driven with his permission. Idaho Code § 49–1004.

The policy issued by Western to Gogan contained a so called "omnibus clause" which covered anyone driving the truck with the owner's permission as a named

insured and that in the event the named insured became liable, Western would become liable. Since St. Paul-Mercury's policy covering Elle Construction Co. contained a provision to the effect that its coverage would not apply if there was in existence at the time another policy covering the same accident, except as to any liability for an excess of the coverage over the existing additional policy, St. Paul-Mercury contends that the amount of the judgment paid by it is recoverable from Western because Western is primarily liable.

The trial court very properly recognized that in order for Western to become liable, in any event, there must have been permission from Gogan to Horsley to drive the truck, but took the view that the verdict rendered in the state court and the judgment in favor of Gogan predicated thereon to the effect that Gogan had not given permission to Horsley to drive the truck "was conclusive on the issue of whether Horsley was driving the vehicle with the owner's permission".

■ The evident theory of the trial court was that the finding and judgment of the state court constituted an estoppel. For such an estoppel to arise there must have been a previous opportunity for litigation of the question, or an actual previous participation in the litigation, by the party against whom the estoppel is asserted or his privy. In the state court action appellants were not in an adversary position to Gogan in whose favor the judgment ran as Gogan, Elle Construction Co. and Horsley were all parties defendant. Plaintiffs in the state court were the only parties adverse to Gogan and appellant was not in privity with them. Collard v. Universal Automobile Insurance Co., 1935, 55 Idaho 560, 45 P.2d 288. There were no pleadings between appellants and Gogan, and the appellee was not a party to the state action. Hence, the issue of permissive use, either within the meaning of the Idaho statute or the insurance policy, has not yet been litigated by appellants or their privies against anyone; they have not yet had their day in court. The Restatement of Judgments (1942) aptly states the applicable law in section 82:

"The rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves".

■■ Although it is possible under Idaho procedure to file cross-complaints as to matters arising out of the same transaction against parties or non-parties (Idaho Code § 5–617), that section is permissive only and does not foreclose one who has not taken advantage of it from asserting the matter later in a separate suit. Colorado National Bank of Denver v. Meadow Creek Livestock Co., 1922, 36 Idaho 509, 211 P. 1076. Even if the rule were otherwise, the record before us fails to disclose that the subject matter which appellants seek to litigate in the instant case could have been presented in a cross-complaint under the Idaho Code. See Stearns v. Graves, 1940, 61 Idaho 233, 99 P.2d 955. The burden is on appellee, defendants below, to establish all elements of the affirmative defense of estoppel under Idaho law. See Collard v. Universal Automobile Insurance Co., 1935, 55 Idaho 560, 45 P.2d 288. As this is a diversity case, state law controls the issue of burden of proof. Cities Service Oil Co. v. Dunlap, 1939, 308 U.S. 208, 60 S.Ct. 201, 84 L. Ed. 196. Here, appellee has made no attempt at showing that it was a proper subject for a cross-complaint.

Appellant urges that this court is in a position from the record before us to order judgment entered for it. We are not so persuaded. Questions remain whose solution is in the first instance exclusively with the trial court.

The judgment is reversed and the cause remanded for such further action as the trial court may deem proper and consistent with the views herein expressed.

Reversed.